CRAIG V. HASSELMAN *et al.*

**Intoxicating Liquors:** NUISANCE: PLEADING: DENYING RESIDENCE
OF PLAINTIFF. In an action to abate a liquor saloon as a nuisance,
where plaintiff shows his right to maintain the action by alleging
that he is a citizen of the county, such allegation is not put in issue
by a general denial, nor by (what amounts to the same thing) a
denial of knowledge or information sufficient to form a belief as to
the truth of the averment. (Compare *Littleton v. Harris*, 73 Iowa,
161.)

*Appeal from Des Moines District Court.*—HON.
CHARLES H. PHELPS, Judge.

FILED, MAY 25, 1888.

ACTION in equity to abate a nuisance alleged to be
maintained in the keeping of a saloon or dramshop.
There was a decree in the district court for the defend-
ants. Plaintiff appeals.

*Newman & Blake,* for appellant.

*P. Henry Smyth & Son,* for appellees.

ROTHROCK, J.—I. The plaintiff, as showing his
capacity to maintain the action, averred that he was,
and for many years had been, a citizen and resident of
Des Moines county, Iowa. The defendant answered
this averment of the petition as follows: "As to
whether plaintiff is, or for many years has been, a citi-
zen of Des Moines county, defendant has no knowledge
or information sufficient to form a belief, and therefore
leaves plaintiff to his proof." This form of answer is
authorized by section 2655, of the Code. It presents
precisely the same issue as a general denial of the aver-
ments of the petition. The plaintiff, if a resident and
citizen of the county, is authorized by law to maintain

the action; and a general denial of residence and citizenship raises no issue. This defense should be specially pleaded, as that the defendant was neither a native-born nor a naturalized citizen, or that he was a resident of some other named county or place. See *Littleton v. Harris*, 73 Iowa, 161; Code, sec. 2717. There was therefore no necessity for the plaintiff to make proof of his citizenship or residence.

II. The cause appears to have been tried upon its merits, and is here for trial anew. It is claimed that the evidence shows that the defendants maintained and kept the saloon as alleged in the petition. An examination of the record and evidence leads us to the conclusion that the position of plaintiff's counsel must be sustained. We think the court below must have been of opinion that the plaintiff was not entitled to a decree, because it was not shown by sufficient evidence that he was a citizen of the county.

The fact of the keeping of the saloon appears to us to be established by a clear preponderance of the evidence. There are other questions discussed by counsel which we do not deem it necessary to consider. The decree of the district court will be reversed. The plaintiff asks that a final decree be entered in this court in accord with the prayer of the petition. It is so ordered.

REVERSED.