GEORGE A. TEWKSBURY, Appellee, v. TITLE GUARANTY & SURETY COMPANY, Appellant.

**JUDGMENT:** On Motion—Judgment on Pleadings, Etc.—When Allowable. Motions for judgment (a) on the pleadings and (b) on matters of record properly before the court (while not to be encouraged) are allowable when defendant has fully pleaded all matters relied upon as a defense, and when a demurrer will not lie because of the fact that the said record matters are not embraced in the pleadings.

**PLEADINGS:** Issue, Proof and Variance—Matters to Be Proved—Conclusion Denials. An allegation that a cause of action has been assigned to plaintiff, *accompanied by undenied fact allegations sufficient to prima facie establish such assignment,* is not put in issue by a naked allegation that defendant has no knowledge or information relative thereto sufficient to form a belief, and therefore denies the same.

**PARTIES:** Defendants—Non-Joinder—Voluntary Appearance—Effect. A plea of non-joinder of parties defendant is fully obviated by the subsequent appearance of such non-joined parties with a record stipulation by them which as fully protects defendant as though such non-joined parties had originally been made parties defendant.

**BONDS:** Construction and Operation—Words and Phrases Foreign to Purpose—Effect—Executors and Administrators. A bond will be construed and given an effect in harmony with the *manifest purpose* for which it was given, as reflected in the record facts and circumstances, even though such construction may, in effect, exclude a large portion of the bond as surplusage.

PRINCIPLE APPLIED:   An executrix was serving without bond.  Claimants against the estate became apprehensive, and secured an order requiring executrix to give a bond, concededly for the purpose of securing the payment of said claims.  In executing this bond, a printed form was used, which was the form used generally by executors and administrators when giving bond for the faithful performance of their duties as such. Following these general printed conditions was a provision in longhand, commencing with the word "or," and providing, in substance, that the makers would pay the claims, as finally allowed, of the parties enumerated, and that the bond was for their benefit only.  Said claims were allowed and not paid.  Action on bond followed.   *Held*, the petition need not allege a breach of said *printed* provisions of the bond—that the breach might be assigned wholly on the failure to pay the claims.

WORDS AND PHRASES:   "Or" and "And."   Principle recognized that "or" may be construed in the sense of "and."

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

SATURDAY, JUNE 23, 1917.

REHEARING DENIED MONDAY, SEPTEMBER 24, 1917.

ACTION at law against the surety on a bond given by an executrix of an estate to secure the payment of certain claims allowed against said estate. Plaintiff filed motion for judgment upon the pleadings and record, which was sustained, and judgment entered against the surety. Surety appeals.—*Affirmed.*

*E. H. Lundy, Dean W. Peisen* and *W. H. Soper,* for appellant.

*C. H. E. Boardman,* for appellee.

1. JUDGMENT: on motion: judgment on pleadings, etc.: when allowable.

STEVENS, J.—Appellee is the assignee of a claim filed and allowed in favor of R. L. Young against the estate of Charles J. Hoyt, deceased.  Myra Y. Hoyt qualified as executrix of the estate of Charles J. Hoyt, in ac-

cordance with the terms of his will designating her as his executrix without bond.

Appellant states in its answer that, upon application of R. L. Young et al., Myra Y. Hoyt gave the bond in suit, naming him and several other persons as beneficiaries. The bond recites the usual conditions of bonds of administrators, executors, etc., and continues: "or, if she shall discharge the claims of said persons in such amounts as may be finally found due on these claims as already filed in the district court of Marshall County, Iowa, then this bond to be void; otherwise in full force. This bond is however for the protection of, and shall inure to the benefit of, the above named persons, claimants against said estate, but for or to no other."

This bond is signed by Myra Y. Hoyt and appellant, and is in the penal sum of $6,000.

The plaintiff in his petition alleged that, on the 25th day of January, 1910, R. L. Young in writing assigned the claim in question to him, and that it was filed in the office of the clerk and attached to Docket 7 at page 419, which by reference is made a part of said petition; alleges the allowance of the claim in question and the breach of all of the conditions of the bond, and prays judgment in the sum of $600 against appellant.

Defendant then filed a demurrer to plaintiff's petition, which was overruled. Thereupon defendant filed answer, denying all of the allegations of plaintiff's petition not specifically admitted. The answer then proceeds to admit all of the allegations of plaintiff's petition except that regarding the assignment of the claim to plaintiff, which is denied on the ground that the defendant had not sufficient knowledge or information to form a belief as to the truth thereof, and affirmatively alleges that, prior to the commencement of this suit, the following claims had been allowed to beneficiaries named in the bond: To Charles E.

Hatcher, special administrator, $6,000; to C. H. E. Board-
man, approximately $1,000; that, because said claimants
had not been made parties to this suit, there was a non-
joinder of parties defendant; and asked that plaintiff's
petition be dismissed.

Later, Charles E. Hatcher, special administrator, and
C. H. E. Boardman entered their appearance in this case,
and filed a written stipulation consenting to the payment
of plaintiff's claim and agreeing that same should be with-
out prejudice to defendant, and that, at the final adjust-
ment of said claims, should the aggregate amount of same
exceed the penalty of the bond, defendant should be liable
only for the full amount of the penalty of its bond. Where-
upon, plaintiff filed a motion for judgment upon the plead-
ings and record, for the full amount of his claim with
costs.

Defendant filed a motion to strike plaintiff's motion
for judgment and also objections thereto, and an additional
motion to strike from the files the stipulation above re-
ferred to. All of said motions and objections were sub-
mitted together. The court overruled all of defendant's
motions and sustained plaintiff's motion for judgment, and
judgment, was accordingly entered for $695 and costs.
From this judgment, defendant appeals.

I. Appellant contends that our statute does not au-
thorize the rendition of a judgment upon a motion based
upon the pleadings therefor. The motion filed by appellee
asked judgment upon the pleadings and on the record. The
motion for judgment and appellant's motion to strike the
same, together with its resistance to said motion and the
motion to strike the appearance and stipulation of Board-
man and others from the files, were all submitted to the
court together, so that, at the time the court passed upon
the motion for judgment, it also passed upon appellant's
motion to strike the same from the files.

It is the position of appellant that the sufficiency of the answer to constitute a defense could not be challenged by a motion for judgment, but that, if appellant desired to challenge same, he must follow the procedure prescribed by statute and demur thereto. If appellee desired only to challenge the sufficiency of the matters pleaded in defendant's answer to constitute a defense, undoubtedly a demurrer would have been the proper proceeding, but appellee appears by his motion to have sought to raise questions that would not have been presented by a demurrer; that is, the full record upon which, apparently, the court sustained appellee's motion for judgment did not appear upon the face of defendant's answer.

The record does not show affirmatively the introduction in evidence of the proceedings in probate in the Charles J. Hoyt estate; but appellee has filed an amendment to appellant's abstract, setting out chronologically the proceedings had in said estate, in so far as the same would appear to be material to any question presented in this case. No motion to strike this amendment, or denial thereof, has been filed in this court, so that, at the time the court passed upon the motion for judgment, it seems to have had before it for consideration matters of record that would not have been proper for its consideration in passing upon a demurrer to the answer, but that were of value to the court in passing upon the motion for judgment.

Our statute does not provide for the filing of a motion for judgment upon the pleadings or record, and authorities from other jurisdictions are cited by counsel for appellant criticising this procedure. One of the grounds upon which this proceeding is assailed is that it may deprive a litigant of the right to file proper amendments to his pleadings; but, as before stated, in this case the several matters above referred to were submitted to the court at the same time, and the record fails to disclose that counsel for appellant

either tendered or requested permission of the court to file an amendment to its answer. It may well be assumed that appellant had fully pleaded all matters relied upon by it as a defense to plaintiff's cause of action.

In addition to the contention of appel-

2. PLEADING: issue, proof and variance: matters to be proved. conclusion denials.

lant that the proceeding was unwarranted and not justified by our statute, it is further alleged by counsel for it that the answer, in fact, presented matters constituting a defense, and that issues were thereby presented entitling it to a trial upon the merits.

Following a general denial which was made subject to the admissions thereafter set forth in its answer, defendant stated therein:

"And plaintiff's allegations setting forth the copy of the judgment of allowance of claim of R. L. Young is admitted in so far as to admit the allowance of said claim in said court as is shown in Docket 7 at page 419; that as to whether or not said claim has been assigned to the plaintiff in this suit defendant has neither knowledge nor information sufficient to form a belief, and therefore denies such assignment."

Defendant also alleged a non-joinder of parties defendant, basing the same upon the provisions of the bond in suit designating C. H. E. Boardman and Charles E. Hatcher, special administrator of the estate of Mary L. Bradford, deceased, in addition to R. L. Young, appellee's assignor of the claim in suit, as beneficiaries, and that they were necessary parties to a proper determination of the issues presented.

The interposition of a denial, upon the ground that appellant was not possessed of sufficient knowledge or information to form a belief as to the alleged assignment of the claim to appellee, doubtless was because appellant did not desire to rely upon its general denial as to this matter.

This appears to be the view of counsel for appellant, as it is this plea which is urged in argument as presenting a triable issue: that a denial based upon insufficient knowledge or information to form a belief as to the truth of the matters alleged in an adverse pleading is, in effect, a denial of the matter thus pleaded, and puts the same in issue. *Carr v. Bosworth*, 68 Iowa 669; *Craig v. Hasselman*, 74 Iowa 538.

This court, however, in *Cottle v. Cole & Cole*, 20 Iowa 482, held that simply "denying that the judgment had been assigned" was not good pleading, and did not deny the fact of the execution of the written assignment pleaded in plaintiff's petition nor set out any facts upon which the conclusion that the judgment had not been assigned was based. The denial should have been of the facts pleaded, as the petition on its face contained facts which *prima facie* established the assignment.

The allegations of plaintiff's petition material to a consideration of this point are as follows:

"Plaintiff shows to the court that, on or about the 5th day of November, 1909, plaintiff's claim was allowed against the estate of Charles J. Hoyt, deceased, and against Myra Y. Hoyt, executrix, and judgment was rendered in favor of R. L. Young and against the estate of Charles J. Hoyt, deceased, and Myra Y. Hoyt, executrix, for the sum of $500 and costs, all as shown by the probate records of this county in Case No. 2348, Docket 7, at page 419, which record is hereby, by reference, made a part of this petition.

"Plaintiff further shows to the court that, on the 25th day of January, A. D. 1910, R. L. Young assigned this claim to the plaintiff, George A. Tewksbury, as shown by said assignment, duly filed in said Cause No. 2348, Docket 7, page 419, which assignment is by reference made a part hereof."

The foregoing allegations of plaintiff's petition stated

facts which *prima facie* established the judgment and the assignment. Defendant's answer, as appears from the portion thereof quoted above, admitted the allowance and record thereof of the claim in suit, and stated that it had "neither knowledge nor information sufficient to form a belief, and therefore denies such assignment."

It will be observed, therefore, that defendant did not deny the execution of the alleged written assignment, the record thereof, nor the facts pleaded by plaintiff, but, as in the cited case, simply by the statement of a conclusion, denied the assignment. The denial to present an issue should have been of the facts pleaded in the petition, and not of the conclusion to be drawn therefrom. The denial was insufficient to raise an issue as to the facts pleaded in the petition relative to the assignment of said claim, and the holding in *Cottle v. Cole & Cole,* supra, is applicable.

Both the petition and answer made specific reference to the record of the allowance of the claim in suit. It appears from appellee's amendment to appellant's abstract that the original written assignment of the claim by R. L. Young to appellee was duly acknowledged, filed, and attached to and made a part of the record of the allowance of the claim; so that, by reference to the admitted record, the court had before it the original assignment which, by the pleadings, was made a part of the record in this case, and evidently, in ruling upon the motion for judgment, considered the same sufficient to make a prima-facie showing of the alleged assignment. It must not be overlooked that the motion for judgment is not based alone upon the pleadings, but upon the record also. The record of this assignment was, by special reference in plaintiff's petition, and parts of it by the admission of defendant's answer, before the court, and all that appeared upon the record was, therefore, for the proper consideration of the court.

Appellant also argued that the answer
**3. Parties: defendants: nonjoinder: voluntary appearance: effect.** presented an issue upon the question as to whether there was a non-joinder of parties defendant. The parties who, it is claimed, should have been made defendants are named in the answer, and are C. H. E. Boardman and Charles E. Hatcher, special administrator of the Mary L. Bradford estate.

As before stated, C. H. E. Boardman and Charles E. Hatcher, as special administrator of the Mary L. Bradford estate, entered their voluntary appearance in this case and filed a stipulation and agreement consenting to the payment of the claim in suit in full, and specifically agreeing that the payment thereof should be without prejudice to defendant in any action upon the bond to recover the claims held by said parties against the Hoyt estate, and that, in the event said claims which were in litigation were finally allowed in an amount exceeding the defendant's liability on its bonds, they would accept the amount for which the defendant was liable in full pro rata upon said claims. Counsel for appellant moved to strike this appearance and stipulation from the files. The motion was overruled, and the court, in its finding of facts and judgment, held that, under the stipulation, the payment of the claim in suit would be without prejudice to any right of defendant.

Conceding, for the purpose of argument, that the parties designated were necessary parties to a proper decision of the matters in suit, the difficulty was obviated by their appearance in the court below and the stipulation filed. They are as effectually estopped and their rights as fully adjudicated herein as they would have been if they had been made parties defendant, as it is contended by appellant they should have been.

While we do not approve the practice followed in this case, and do not desire to encourage the filing of motions

for judgment, yet, in view of the record herein, we think the court committed no error in entertaining the motion and rendering judgment thereon.

II. Myra Y. Hoyt qualified as executrix of the estate of Charles J. Hoyt, deceased, without bond. Defendant alleges in its answer that thereafter application was made by appellee's assignor, praying that executrix be required to file a bond for the purpose of securing the payment of said claim, and, pursuant to said application, an order was made by the court requiring her to give such bond, and that the bond in question was thereafter filed and approved.

4. Bonds: construction and operation : words and phrases foreign to purpose : effect : executors and administrators.

The argument of appellant is that the bond, in truth and effect, is an ordinary bond, and the one usually given in such cases, and that the allegations of plaintiff's petition do not charge a breach of the conditions of said bond. It is in substance stated by appellant in its brief and argument that the bond in suit was an ordinary printed form, commonly used by executors and other like officers, and that the portion thereof commencing with the word "or" in the last paragraph thereof was written in longhand, following the printed part of the document. If the bond was given, as stated by appellant in its answer, in obedience to an order of court requiring same to be given for that purpose to secure the payment of the claim in suit and the claims of other parties named as beneficiaries in said bond, then the portion written in longhand was evidently designed to meet the desire of the parties interested to have same clearly stated in the bond. There was nothing in the printed form used that expressly stated the purpose for which the bond was given. Apparently to guard against the possibility that the bond might be subsequently construed, in a suit by the beneficiaries named upon their respective claims against the surety on the bond, as the usual

and ordinary bond of an executor, instead of an instrument securing the payment of the specific claims for which the same was executed, the portion in longhand was added.

In construing the bond, it is quite necessary to take into consideration all the facts and circumstances, so far as appears from the record, entering into and surrounding its execution.

It appears from appellee's amendment to appellant's abstract that the ground of the application made by appellee's assignor and others, asking that the executrix be required to give a bond, was that the assets of the estate had been sold by executrix, and it is conceded by appellant that the court ordered her to file a bond for the security of the creditors making the application therefor. Executrix had been permitted to qualify as such without bond, and, from the matters stated in defendant's answer and set forth in appellee's amendment to appellant's abstract, we conclude that the bond was not intended, at the time the same was executed, as the usual bond of an executrix, but that the real purpose for which the same was executed was to provide security for the payment of certain claims in favor of the parties therein designated, among which was that of the plaintiff. While the bond in part is in form an ordinary executor's bond, yet, in construing its meaning, the following portions thereof must be given special consideration:

"Know all men by these presents, That we, Myra Y. Hoyt, as principal, and The Title Guaranty & Surety Company, of Scranton, Pennsylvania, as sureties, all of the County of Marshall and State of Iowa, are held and firmly bound unto the State of Iowa *for the use and benefit of* C. E. Hatcher, Special Administrator of the Estate of Mary L. Bradford, deceased, (and others)  *  *  *  in the penal sum of Six Thousand ($6,000.00) Dollars, for the payment of which, well and truly to be made, we do jointly

and severally bind ourselves. * * * or, if she shall discharge the claims of said persons in such amounts as may be finally found due on these claims as already filed in the District Court of Marshall County, Iowa, then this bond to be void; otherwise in full force. This bond is, however, for the protection of, and shall inure to the benefit of, the above named persons, claimants against said estate, but for or to no other."

The bond was not designed primarily to insure the faithful performance by the executrix of the duties of her office nor to require her to account for the assets of the estate, but to secure the payment, among others, of the particular claim in suit.

5. WORDS AND PHRASES: "or" and "and."

Following the printed portion of the instrument, the part in writing commenced with the word "or." Based upon this language, it is argued by appellant that the principal on the bond was to pay the claims of the beneficiaries named in the bond only in the event that she failed to properly administer the estate. This argument is based upon a false assumption. It is perfectly apparent that the primary purpose of the bond was not to secure the faithful performance of the ordinary duties of the principal as executrix of the estate of Charles J. Hoyt, but in obedience to the order of the court based upon the application of the claimants named as beneficiaries in the bond, to secure the payment of the respective claims.

While it is probably true that if, instead of the word "or," "and" had been used, the meaning of the instrument would have been somewhat more clear, yet, in the view we take of the matter, the legal effect of the instrument, so far as the same was given to secure the payment of the claims in question, would not have been different. The following extract from the bond is a clear statement of the purpose for which the same was executed:

Vol. 180 IA.—86

"This bond is, however, for the protection of, and shall inure to the benefit of, the above named persons, claimants against said estate, but for or to no other."

No reversible error appearing in the record, the judgment of the lower court is—*Affirmed*.

Gaynor, C. J., Weaver and Preston, JJ., concur.