MYERS v. MUNSON.

<div style="float:right">65 423<br>94 120<br>94 227</div>

1. **Contract in Writing:** TWO PAPERS CONSIDERED TOGETHER: PAROL TO VARY: RULE APPLIED. The written agreement of the parties to a contract is conclusively presumed to be their final agreement, and any parol agreement inconsistent therewith to have been waived. *Barhydt v. Bonney*, 55, Iowa, 717. And so, where two papers are to be considered together as being parts of the same transaction, and as constituting together the agreement of the parties, they must speak for themselves, and the agreement which they together contain cannot be varied by proof of a contemporaneous parol agreement. Where, therefore, defendant conveyed to plaintiff, with covenant against incumbrances, property encumbered with a permanent easement, and plaintiff sued on the covenant for the breach thereof, and the answer set up another writing, as a part of the same transaction, but which contained no limitation of the covenant, and also set up a contemporaneous parol agreement that, in consideration of such writing, the easement was to be excepted from the covenant, *held* that the answer was bad on demurrer, because proof of the parol agreement could not be admitted.

2. **Vendor and Vendee:** BREACH OF COVENANT: DAMAGES: EVIDENCE: FORMER JUDGMENT. Where defendant conveyed to plaintiff, with a covenant against incumbrances, property encumbered with a perpetual easement, and plaintiff sold to another, with like covenant, and that other sued plaintiff for a breach of his covenant, and recovered judgment for $500, and plaintiff, in this action, sued defendant on his covenant for a like breach, *held* that the record of the judgment was not admissible in evidence for the purpose of proving the amount of damages to which plaintiff was entitled; because the breach in each case was contemporaneous with the covenant, and the covenants were of different dates, and the damages in each case had to be computed with reference to the time of the breach, and the market value of the property at that time.

3. ———: ———: ———: ATTORNEY'S FEES. In such case, plaintiff was not entitled to recover what he had paid for attorney's fees in defending against the action brought against him for a breach of his covenant, notwithstanding he had notified defendant of the first action, and requested him to defend therein, and he failed so to do.

*Appeal from Buchanan Circuit Court.*

FRIDAY, DECEMBER 12.

ACTION for the breach of a covenant of warranty in a deed. There was a trial to the court, and judgment was rendered for the plaintiff. The defendant appeals.

*Lake & Harmon* and *C. E. Ransier,* for appellant.

*E. E. Hasner,* for appellee.

ADAMS, J.—The premises in question consisted of improved property in the city of Independence. They were sold and conveyed by the defendant to the plaintiff by deed with full covenants, and afterwards they were sold and conveyed by like deed by the plaintiff to one McGowen. At the time of the conveyances there was a perpetual easement existing upon the property in favor of the lot adjacent thereto on the east, to-wit, the right on the part of the owner of such lot to the use and maintenance of a stair-way, hall-way, etc. McGowen, in an action against the present plaintiff for breach of covenant, recovered $500, which the plaintiff has

paid. The present defendant was notified of the action, and requested to defend. The present action was brought to recover the sum of $500 and interest, and the costs and expenses incurred and paid by this plaintiff in the action brought against him by McGowen.

I. The conveyance to the defendant was made by one Hageman, the owner of the lot adjacent on the east. The easement was created by reservation in the deed from Hageman to the defendant. At the time of the execution of the deed, the parties entered into a contract whereby Hageman agreed to be at one-half the expense of erecting the stairs and keeping them in repair. When the defendant conveyed to the plaintiff, he assigned this contract to him, so as to give him the same rights, under the contract against Hageman, as he had himself possessed. Having thus put the plaintiff into a position to call upon Hageman to assist in maintaing the stairs, he seems to have conceived the idea that he might safely enough execute to him a deed with full covenants, and not incur any liability by reason of the stairway, hall-way, etc. Possibly there was a verbal understanding that the defendant should not incur such liability. At all events, he set up in his answer the assignment of the contract, and averred that the assignment was a part of the same transaction in which the deed was made, and that it was verbally agreed that the assignment should be a full settlement of any damages arising by reason of the covenant against the easement. He also averred, in substance, that it was verbally agreed that the easement, in consideration of the assignment, should be excepted from the covenant. The plaintiff demurred to so much of the answer as set up by these defenses, and the demurrer was sustained. The defendant assigns the ruling of the court upon the demurrer as error.

Where two papers are executed as parts of the same transaction, it may be conceded that they should be read together, and construed together, and it may be that, if, when taken

<div style="margin-left:2em">1. CONTRACT in writing: two papers considered together: parol to vary: rule applied.</div>

together, they do not show upon their face that they were parts of the same transaction, such fact may be shown by parol. But, when the two papers are thus connected, they must speak for themselves. It is not proper to go further, and contravene the papers by parol evidence, as the defendant would be obliged to do in order to make the defense upon which he relies. The deed contains an unlimited covenant against incumbrances, and there is nothing in the contract or assignment of the contract which tends to show otherwise. Reading the deed and assignment of the contract together as parts of the same transaction, the most that we could infer is that they were supported by the same consideration. The plaintiff would appear to be entitled to both papers, with all that they contain. The defendant is not aided, unless he can go much further than to connect the two papers. He needs to go outside of them and ingraft by parol an exception upon the covenant against incumbrances. This he cannot be allowed to do, nor can he be allowed to do what is substantially the same thing; and that is, to show that the damages arising from the breach of the covenant were settled and discharged by the assignment, if it be true, as averred that the assignment and deed were parts of the same transaction. Parties cannot be supposed to enter into a contract which gives an immediate right to damages, and in the same contract to settle and discharge the damages.

We do not forget that the question under consideration arose upon demurrer, and that all facts well pleaded are regarded as admitted. But the written agreement of the parties is conclusively presumed to be the final agreement, and any parol agreement inconsistent therewith to have been waived. *Barhydt v. Bonney*, 55 Iowa, 717. It may not be improper to add that we think that the defendant's position must have been taken somewhat with reference to the fact that the taking by the plaintiff of an assignment of the contract shows clearly that he had knowledge of the easement. We have no doubt that the defendant supposed that the

plaintiff acquiesced in the easement in such sense as to pre-clude him from setting it up as a breach of a covenant in the deed. It may be that decisions could be found to support the position that he was precluded by his knowledge and acquiescence. But we do not understand such position to be distinctly taken; and, besides, if it were, it would be against the decided weight of authority. See Rawle, Cov., 128, and cases cited. In our opinion the court did not err in sustaining the demurrer.

II. Upon the trial the plaintiff was allowed, against the objection of the defendant, to introduce in evidence the record

2. VENDOR and vendee: breach of covenant: damages: evidence: former judgment.

of the judgment recovered against him by Mc-Gowen. As the defendant was notified of Mc-Gowen's action, we have no doubt that the recovery in the case concluded the defendant in regard to the existence of the easement. But the existence of the easement was not denied. The record, then, must have been introduced for the purpose of proving the amount of the plaintiff's damages. The plaintiff, indeed, insists that it was proper for that purpose. But, in our opinion, this position cannot be sustained. The plaintiff's damages might be greater or might be less than McGowen's, according to circumstances. There was no one element of damages precisely in common in the two cases. The plaintiff had a right of action before McGowen's action was brought. Where there is a covenent against incumbrances, as in this case, and a breach by reason of the existence of a permanent easement, the covenantee, immediately upon the breach, becomes entitled to receive from the covenantor such sum of money as would be to him a just compensation for the injury. *Harlow v. Thomas*, 15 Pick., 66. In determining the injury, it would be proper to consider how much the value of the property should be regarded as reduced by reason of the easement. In estimating the value, the general market value should be taken. *Wetherbee v. Bennett*, 2 Allen, 428. The estimate should be made as of the time of the breach. *Cathcart v.*

*Bowman,* 5 Pa. St., 317. To the amount of original damage sustained, something should be added for delay in payment. The amount to be added is the reasonable value of the use of the money, which, under our statute, is conclusively presumed to be six per per cent per annum. The principle was decided in *Hartshorn v. Burlington, C. R. & N. R'y. Co.,* 52 Iowa, 617.

The rules above set forth, it appears to us, were applicable alike in McGowen's case and in the case at bar. If this is so, the same amount would not be recoverable in each case, except by accident. It is unnecessary to elaborate, but it may be proper to say that, in case of successive conveyances with a covenant against incumbrances, and a breach of covenant by reason of a permanent easement, it may easily happen that the second covenantee would be entitled to recover more than the first. This might be so if the property had become enhanced in value. The damages resulting from an easement, where property is taken for a stair-way or other way, are substantially in proportion to the value of the property thus occupied, and, where there are breaches of successive covenants, as above supposed, the damages, as we have seen, are to be estimated in each case with reference to the time of the particular breach in question. We are of the opinion, therefore, that the record of McGowen's judgment, not being needed as evidence to establish the fact of the easement, such fact being admitted in the answer, was not admissible for any purpose.

III. The court allowed a recovery for attorney's fees paid by the plaintiff in defending in McGowen's action. In this we

3. ——:——:
——: attor-
ney's fees.

think that the court erred. Where an action is brought against a covenantee to recover possession, and judgment is rendered for the plaintiff, it may be that, in an action brought by the covenantee against his covenantor, he should be allowed to recover for attorney's fees expended in defending the former action, if the covenantor was notified of the action. We may say, however, that upon

such a question the authorities are divided, and we do not desire to intimate an opinion. If it should be conceded that attorney's fees in such case would be recoverable, the concession would not aid the plaintiff. His defense in respect to damages, as we have seen, had, properly considered, nothing in common with the defense in the case at bar. The expenses, then, which this plaintiff incurred in making his defense in that case ought not to be charged upon the defendant in this.

REVERSED.