## INCUMBRANCE AFFECTING THE PHYSICAL CONDITION OF LAND CONVEYED.

Court of Appeals for Summit County.

### LEO KUNKLE v. MATILDA BECK AND JOHN BECK.

Decided, April Term, 1913.

*Covenants Against Incumbrance—Notorious and Visible Incumbrances Which Affect the Physical Condition of the Land—Not Excepted From the Rule as to Incumbrances Affecting Title, When—Parol Agreement in Contravention of Terms of the Deed—Available Only in an Action to Reform the Deed.*

1. There is no difference between incumbrances which affect the title and those which affect the physical condition of the land, and where a right-of-way has been granted, which exists solely for the benefit of a private person or corporation, it constitutes a breach of covenant against incumbrances.

2. A pipe line is a private enterprise, notwithstanding the public are interested in procuring the product which it transports, and such a line does not stand in the same category as roads and highways.

METCALFE, J.; NORRIS, J., and POLLOCK, J., concur.

Plaintiff here was plaintiff below, and this cause comes before us on demurrer to the defendant's answer. The petition alleges, in substance, that the plaintiff purchased from the defendants, and the defendants conveyed to him by warranty deed a certain farm. That the deed contained the usual covenants of title and against incumbrances. That prior to the execution of said deed to plaintiff defendants had granted and conveyed to the East Ohio Gas Company a right-of-way across said farm, by which a perpetual right was granted to that company to maintain and operate a gas pipe line thereon for the transportation of gas, and that said line had been laid down and has ever since been maintained and operated by the company. Plaintiff claims that said right-of-way constitutes an incumbrance on said farm which lessens its value and thereby causes him damage.

Defendants in their answer admit the execution of the instrument conveying to the gas company the right-of-way in question

and that the company has laid and maintained a pipe line across said right-of-way. For a second defense the defendants say that before the execution of the plaintiff's deed, and while the plaintiff and defendants were negotiating about the sale of the farm they informed the plaintiff that they had conveyed such right-of-way to the said gas company, and that the plaintiff had knowledge of the fact that a pipe line had been laid across said land. That the physical evidence of the fact was visible to the plaintiff, and that while said negotiations were in progress plaintiff inquired of them what consideration they had received for conveying said right-of-way, and when informed of the amount asked to have the same deducted from the purchase price of the farm, which was agreed to by defendants, and the sale comsummated in accordance with such agreement. In a third defense the defendants aver that such right-of-way is not an incumbrance in any way affecting the title to the property, but is merely an easement affecting its physical condition, and that the plaintiff having knowledge thereof is estopped from claiming the same to be an incumbrance.

Plaintiff demurred to the answer and the common pleas court overruled the demurrer, and the plaintiff not pleading further judgment was entered against him on the pleadings. Error is prosecuted in this court and the only question is whether the common pleas court erred in so holding.

In our judgment the common pleas court erred in overruling the demurrer. The matter set forth in the second defense is a parol arrangement between the parties made before the execution of the deed, which is clearly in contravention of the terms of the deed itself. While this matter, if properly pleaded, might constitute a good cause of action to reform the deed, it is no defense in an action on the covenant against the incumbrances, and parol evidence would not be admissible to prove such an understanding. *Long* v. *Moler,* 5 O. S., 271.

As to the matter set forth in the third defense, a question much more difficult of solution is presented. It is urged with much ability that the incumbrance, being open, notorious and visible is not such an incumbrance as affects the title, but only

affects the physical condition of the land, and that the plaintiff having knowledge of its existence at the time of the purchase of the farm can not now be heard to complain that it is a damage to him. Many authorities are cited upon this proposition, and there seems to be respectable holdings that where the right-of-way is a public highway, or a railroad which was known to the parties at the time of the conveyance that its existence furnishes no basis for an action for breach of the covenant against incumbrances. *Cutts* v. *McKinnon,* 22 Wis., 628; *Mimmert* v. *McKeen,* 112 Pa. St., 315; 30 L. R. A., (N. S.), 833, and note.

But where the right-of-way is a private one existing solely for the benefit of a private person or corporation, we think the decided weight of authority is to the effect that such incumbrance constitutes a breach of the covenant.

In *Long* v. *Moler,* above cited, it is held that incumbrances known to the parties at the time of the conveyance are not presumed to be excluded from the operation of the covenant.

The correct rule, as we think, is clearly stated in *Huyck* v. *Andrews,* 133 N. Y., 81. In this case it was held that the right to maintain a mill dam constituted a breach of a covenant against incumbrances, though the easement was perfectly visible to the grantee, and was known by him at the time he purchased the premises.

"There is no distinction in this respect between incumbrances which affect the title, and those simply affecting the physical condition of the land."

In this case the cases of *Cult* v. *McCune,* 22 Wis., 628, and *Mimmert* v. *McKeen,* 112 Pa. St., 315, both of which are cited and much relied upon by counsel for the defendant in error, are disapproved. On page 90 it is said respecting these cases:

"They open to litigation upon parol evidence in every action for the breach of the covenant against incumbrances, caused by the existence of an easement, the question whether the grantee knew of its existence; and in every such case the protection of written covenants can be absolutely taken away by disputed oral evidence. We think the safer rule is to hold that the covenants in a deed protect the grantee against every adverse right, interest or dominion over the land, and that he may rely upon them for

his security.   If open, visible and notorious easements are to be excepted from the operation of covenants, it should be the duty of the grantor to except them.''

And our own Supreme Court in *Long* v. *Moler, supra,* seem to be of the same opinion.   On page 274 it is said:

''The covenant embraces in terms all incumbrances whatsoever and excepts none whatsoever.   *   *   *   The parties may have had an understanding resting in parol to the effect that the taxes of the current year were to be excepted from the operation of this covenant.   But this we can not know; for parol evidence is inadmissible to contradict or vary the plain provisions of the deed.   The application of the rule may possibly in this case work injustice to the defendant.   If so, we can only regret it; for the rule itself, being a salutary one, must be maintained.''

The following cases also, we think, support the view we have taken in this case:   *Ladd* v. *Noyes,* 137 Mass., 151; *McGowen* v. *Myers,* 14 N. W., 788; *Teague* v. *Whaley,* 50 N. E., 41; *Myers* v. *Munson,* 21 N. W., 759.

We are satisfied that the rule contended for that open, notorious and visible incumbrances are excepted from the operation of covenants against incumbrances finds no support in the Ohio decisions.   It is urged that the right-of-way granted to the gas company is in the nature of a public easement, but we are unable to accept this view.   Whatever the rule may be with regard to highways, we do not think that this pipe line can be regarded in the same category with roads and highways.   Its construction was a private enterprise, and the fact that the public are interested in procuring the product which it transports does not make it any the less so.

Judgment of the common pleas court is reversed and the cause remanded with instructions to sustain the demurrer.