HARRY S. WATERMAN, Appellee, v. W. J. BRYSON, Appellant.

WITNESSES: Competency—Attorney Testifying for Client. An
1   attorney is a competent witness for his client in the case on trial, such interest simply going to his credibility.

CONTRACTS: Breach—Non-Premature Action. Refusal to comply
2   with a contract matures a cause of action.

*Appeal from Scott District Court.*—WILLIAM THEOPHILUS, Judge.

THURSDAY, JUNE 29, 1916.

REHEARING DENIED SATURDAY, SEPTEMBER 30, 1916.

PLAINTIFF alleges, substantially, that he and defendant agreed to enter into a written lease for a theater building; that plaintiff paid defendant $298 on the strength of the agreement; that defendant refused to make the lease and plaintiff never obtained possession of the building, and defendant refuses to pay back the money paid. Trial to a jury. Defendant offered no evidence. There was a verdict for plaintiff for $298, with interest. Defendant appeals.— *Affirmed.*

*Sharon & Higgins* and *W. M. Chamberlain,* for appellant.

*F. A. Cooper* and *Chezem, Maines & Kelly,* for appellee.

PRESTON, J.—1. There is some confusion in the record, because of many corrections of the abstract by an amended abstract of appellee. We could get a much better understanding of the case if the record were correctly set out in one abstract.

The petition was in three counts, but the matters covered thereby were not all submitted to the jury. The questions presented are very largely of fact, and whether the verdict is supported by the testimony. The plaintiff's claim is that the oral agreement was made about July 24, 1914. This action was begun August 5, 1914, and it is claimed by defendant that, a few days thereafter, a lease was signed by both parties. But disputed points in the case are whether the so-called lease was executed, and whether in accordance with the prior verbal agreement, and whether, if executed, it was delivered. Appellee contends, and the jury could

have so found, that there was never any delivery of the lease alleged by appellant to have been executed, and that the parties never at any time regarded it as being a subsisting written contract, and that it was never acted upon, and that no possession was ever given under it, and no possession ever offered under it, and that none of the things which were essential to give it life were ever done.

At the close of plaintiff's evidence, which, as stated, was all the evidence in the case, the defendant moved for an instructed verdict, on the following grounds:

"(1)   That the evidence of plaintiff shows that certain negotiations for a contract or lease were commenced on or about the 23d day of July, 1914, and were continued until about the 5th day of August, 1914, when it was agreed that the verbal contract was completed as modified; that this cause of action was begun in this court on the 4th day of August, 1914, and no cause of action had accrued to the plaintiff at that time.   (2)   The allegations of the petition are that a certain contract was entered into on or about the 24th day of August, 1914, containing certain terms and conditions, and the evidence of the plaintiff fails to show that, at any time, he ever did sign or offer to sign a contract embodying the terms and conditions upon which he predicated his suit.   (3)   The evidence in this case shows that, if there was any failure on the part of either party to this case to enter into a written contract, it was on the part of the plaintiff himself.   (4)   That the evidence in this case shows that there was a written contract entered into by and between the parties to this suit and that the defendant was ready and willing to and did sign the contract which embodied the terms and conditions of the contract which plaintiff testified embodied the oral negotiations and contract in this case, and that the only contract, as shown by the evidence, which the defendant refused to sign, was one which the plaintiff had changed, and was not substantially the same contract which both parties had signed.

That there is not sufficient evidence in the case upon which to base a verdict for plaintiff under any theory or count alleged in plaintiff's petition.''

After stating the issues as made by the pleadings somewhat in detail, and instructing as to the burden of proof, preponderance of evidence, etc., the court instructed the jury as follows:

''The questions or issues for you to try and determine in this case are these: (1) Did the plaintiff and defendant, on or about July 24, 1914, mutually verbally agree to enter into a written lease for the Family Theater property, as claimed by the plaintiff? (2) If they did so agree, then has the defendant failed and refused to enter into such written lease as per said verbal agreement with the plaintiff? (3) If you should so find that the defendant has failed and refused to enter into such written lease, then was the plaintiff free from any fault on his part to cause such failure and refusal on the part of the defendant? . . . (7) Therefore, if you should find from a preponderance of evidence in the case that plaintiff and defendant, on or about July 24, 1914, did verbally mutually agree to enter into a written lease, as claimed by the plaintiff, for the said Family Theater property, and you should further so find that the defendant has failed and refused to enter into such written lease, as per said verbal agreement with the plaintiff, and you should further so find that such failure and refusal to enter into a lease was not caused by any fault of the plaintiff, then your verdict must be for the plaintiff; but if you do not so find, then your verdict must be for the defendant. (8) In case you should return a verdict in favor of the plaintiff, the amount thereof should be $298, with 6 per cent interest thereon from August 5, 1914.''

No complaint is made by appellant of the instructions. We deem it unnecessary to set out the evidence. The record has been examined, and it is sufficient to say that the fact

questions were for the determination of the jury, and we are of opinion that the verdict has sufficient support.

Cases are cited by appellee to the following propositions: That the law raises an implied promise to pay back money that has been received without consideration, or upon the consideration that has failed; and that an action may be maintained to recover. Also, that an action may be maintained to recover money received under a special contract which has been abandoned or rescinded, or the performance of which has been prevented by the wrongful act of the party who has received the money. Also, that, where one has obtained money from another by oppression, imposition, extortion or deceit, or by the commission of a trespass, and the like, such money is, in contemplation of law, money received for the use of the injured party. That it is not the money of the wrongdoer—he has no right to retain it— and the law, therefore, implies a promise from him to return it to the rightful owner. These propositions are not disputed by appellant.

2. Appellant complains that he was prevented from having a fair and impartial trial, because some of the attorneys engaged in the trial of the case testified as witnesses and gave evidence against the defendant, and one of the attorneys afterwards made the closing argument to the jury, and cites cases to the point that attorneys should not combine their duties as such with that of witness. But we have held that it is not error for an attorney to testify, though he remain in the case, and that, even though the rules of ethics have been violated, the client should not be made to suffer for it. It is not a defense to the action, but, aside from the question of professional ethics, it is a question as to the weight of the testimony. There are cases where an attorney may not safely withdraw entirely from a case, without prejudice to the rights of his client. In the instant case, the court instructed the jury as follows:

1. WITNESSES: competency: attorney testifying for client.

"While an attorney engaged in the trial of a case has a perfect right to testify as a witness in behalf of his client, yet our Supreme Court looks with disfavor upon such practice, and condemns it, unless, during the progress of the trial, it becomes necessary for such attorney to testify as a witness, to protect the rights and interests of his client in the case. It appears that plaintiff's witnesses, Frank Cooper and Glen Kelly, are attorneys engaged in the trial of this case in behalf of the plaintiff, and you may consider such fact in weighing their testimony, and give the testimony of each such weight and credibility as you in your judgment deem the same entitled to."

3. It is next contended by appellant that the action was prematurely brought, because, as he alleged, negotiations were continued after the suit was brought; that there can be no breach of contract until it develops that the parties cannot agree upon the terms, of the lease. But there is evidence in the record from which the jury could have found that, before the action was brought, the appellant had refused to keep his original agreement. Subsequent efforts on his part to enter into some other kind of agreement cannot avail him. And there is evidence that defendant notified plaintiff that he would not comply with the contract. The authorities hold that positive notice of an intended breach of a contract to be performed in the future may be treated as an actual breach; also, that a subsequent promise or offer to perform should be disregarded. *Holloway v. Griffith*, 32 Iowa 409; *Quarton v. American Law Book Co.*, 143 Iowa 517—529.

2. CONTRACTS: breach: non-premature action.

There is no error, and the judgment is, therefore,—*Affirmed*.

EVANS, C. J., DEEMER and GAYNOR, JJ., concur.