L. E. BALLOU, Appellee, v. JOSEPH MANLY CLARK, Appellant.

COVENANTS: Covenants of Title—Covenants Against Incum-
1    brances—Effect of Judgment after Notice. Where a covenantor against incumbrances, vouched into a suit, failed to appear therein, a judgment in that suit that such incumbrances ex-

isted, settled against him that there was an incumbrance
against which he had warranted.

**COVENANTS:**  Covenants of Title—Covenants Against Incum-
2 brances—Damages—Evidence—Attorneys' Fees.  Where a cove-
nantor against incumbrances was vouched into a suit, and
failed to appear, and a judgment was rendered therein estab-
lishing such an incumbrance, the covenantee was entitled to
reasonable reimbursement for his expenses in defending said
suit; and the amount allowed by the court for his attorneys'
fees for defending is held to have support in evidence.

**COVENANTS:**  Covenants of Title—Covenants Against Incum-
3 brances—Judgment Against Covenantee Not Binding on Cove-
nantor.  Where a covenantor, after being vouched into a suit,
failed to appear and defend said suit brought by a subsequent
grantee against his grantee for breach of a warranty as to in-
cumbrances, the judgment recovered therein does not bind
the covenantor as completely as if he had been a party in the
suit, and he is not bound by a judgment for damages therein,
and such judgment cannot be received in evidence against him
in a suit brought against him by his grantee for breach of
warranty.

**APPEAL AND ERROR:**  Review—Reception of Improper Testimony
4 Along with Proper Testimony—Prejudicial Error.  Where a rec-
ord as to the amount of damages allowed against a covenantee
in a suit by a third person on a breach of warranty on incum-
brances was improperly admitted in an action brought by a
covenantee against the covenantor, along with proper testi-
mony as to the amount of the damages by reason of the breach
of warranty, it cannot be said that an error in the admission
of the record as to the amount of damages allowed the third
person was harmless; for the appellate court cannot say which
of the two pieces of evidence controlled the court, or that the
improper evidence had no effect upon it.

*Appeal from Buena Vista District Court.*—D. F. COYLE,
Judge.

APRIL 14, 1919.

REHEARING DENIED OCTOBER 23, 1919.

CLARK executed a warranty deed to Ballou, covenanting
against incumbrances.  Ballou made like deed to DeLand.

DeLand brought suit against Ballou for breach of the covenant, and Ballou notified Clark to appear and defend. He failed to do so. DeLand recovered a judgment against Ballou. This is a suit by Ballou against Clark to recover from Clark what Ballou had been compelled by said judgment to pay DeLand, and for expenditures made by Ballou in defending the DeLand suit. Ballou obtained judgment as prayed, and Clark appeals.—*Reversed and remanded.*

*Bailie & Edson,* for appellant.

*Faville & Whitney,* for appellee.

SALINGER, J.—I. If there was ever an incumbrance on the land, that incumbrance existed when Clark made deed to Ballou covenanting against incumbrances, and it was in

**1. COVENANTS: covenants of title: covenants against incumbrances: effect of judgment after notice.**

existence when Clark conveyed to Ballou, and also when Ballou, in turn, conveyed to DeLand, with like covenant against incumbrances. DeLand brought suit against Ballou, asserting the existence of said incumbrances. Ballou notified Clark to appear in the DeLand suit, and to defend, or aid in defending. Clark did not respond. Ballou carried on the DeLand litigation at his own expense. In the DeLand case, it was adjudged that said incumbrance existed, and DeLand was awarded damages against Ballou for breach of the covenant made by Ballou

**2. COVENANTS: covenants of title: covenants against incumbrances: damages: evidence: attorneys' fees.**

to DeLand. Thereupon, Ballou instituted this suit. The case was tried to the court, and jury waived. The court treated the DeLand judgment as a complete adjudication that an incumbrance existed, and allowed Ballou $75 for his expense in defending the DeLand suit. The appellant contends that the proceedings in the DeLand suit were not binding on him for any purpose. We are of opinion that this statement is too broad, and doubt whether it is finally adhered to by the appellant. We are

satisfied that the judgment in the DeLand suit settled against Clark, who had been vouched into that suit and failed to appear, that there was an incumbrance against which Clark had warranted. ' *Myers v. Munson,* 65 Iowa 423, 427. We are also satisfied that, this being so, Ballou was entitled to a reasonable reimbursement for his outlays in defending the DeLand suit. *Meservey v. Snell,* 94 Iowa 222, at 226. The finding of the court has the force and effect of a verdict, and we cannot say that the allowance of $75 for attorney fees and expenditures in the DeLand suit is so unsupported by the evidence as that we can interfere.

II. Over objections, the court received the record in the DeLand suit as to the amount of damages allowed De-Land against Ballou, and made a like allowance in the instant case. The reception of this testi-

3. COVENANTS: covenants of title: covenants against incumbrances: judgment against covenantee not binding on covenantor.

mony is, in effect, a holding that the judgment in the DeLand suit binds Clark as completely as if DeLand had joined him with Ballou as a defendant, and, therefore, Clark is bound by the damage allowance made in the DeLand case. The only support which appellee attempts for this holding is the citation of *Gardner v. Cole,* 21 Iowa 205. Gardner was allowed to enjoin a suit upon covenant brought by a remote grantee, so he might avoid a multiplicity of suits. He was entitled to that injunction if he had any substantial interest in the litigation which he sought to enjoin. He was allowed to enjoin because he had such interest. But the court, by way of argument, went beyond this, and made the statement that Gardner, when vouched into the last suit, stood in precisely the position as though he had been directly made a party to that suit. It is manifest that such a statement was unnecessary to the decision of the case; that the case was rightly decided without any support from such a statement; and that the statement is

pure dictum. The Gardner decision should have been limited to a declaration that Gardner had a right to restrain the litigation because he was a party thereto so far as settling whether there was any incumbrance to breach was concerned. We settled, in *Myers v. Munson*, 65 Iowa 423, that the first warrantor who is vouched in is not bound by the judgment as if he were directly made a party, and held that he was not bound by the allowance of damages made in the suit against his warrantee by a grantee of that warrantee. The *Myers* decision is self-evidently sound. The suit on the last covenant does not involve what damages are due for breach of the first covenant. The first grantor who is vouched in is, therefore, not called in to litigate that question. Whatever effect it might have if he had appeared, when he fails to appear he is, in principle, within the rule that judgment against one who makes default cannot go beyond what is issuably to be tried when the notice is served. It cannot be that the suit on the second warranty raises an issue as to how much damage was done by the breach of an earlier warranty. This is so if for no other reason than that the amount of damages caused by each of the two breaches may greatly differ. Where the first seller sells at $4.00 an acre, covenanting against incumbrances, then, if it be found, say, that he lacked title to four acres of land conveyed, the damage would be $16. If, years thereafter, his grantee sells, with warranty, and sells at $100 an acre, the damages arising from failing to give title to the four acres is $400.

Now, it is true the court received independent testimony on how much damage had been done by the breach of warranty given by Clark to Ballou. But that cannot help

the appellee. It also received the record of

**4. APPEAL AND ERROR: review: reception of improper testimony along with proper testimony: prejudicial error.**

the allowance made DeLand. The case stands here precisely as though it had been tried by a jury. Where improper testimony is submitted to a jury, over apt objection, it is never a defense that proper testimony on the same subject was also received. For the appellate court cannot say which of the two pieces of evidence controlled the jury, nor that the improper testimony had no effect upon it. It is not amiss to add, the record indicates the court gave controlling importance to the award made in the DeLand suit.

The cause must be reversed because of the reception of the award of damages shown by the record in the DeLand case. On retrial, it will be treated as established that the covenant made by Clark was breached. The case is remanded to have it determined how much Clark should pay Ballou for the outlays of the latter in defending the DeLand suit, and for ascertaining in what sum, if any, other than said expenditures, Ballou has been damaged by the breach of covenant on part of Clark.—*Reversed and remanded.*

LADD, C. J., EVANS and PRESTON, JJ., concur.