WILLIAM A. KELLAR et al., Appellees, v. J. H. LINDLEY, Appellant.

APPEAL AND ERROR: Right of Review—Estoppel. An order which
1. permits the filing of an issue-changing amendment will not be reviewed on appeal when it appears that appellant rejected an offered continuance.

WITNESSES: Competency—Attorneys. An attorney in a cause is not per se incompetent to testify in his client's behalf. (See Book of Anno., Vol. 1, Sec. 10920, Anno. 5 et seq.)

COVENANTS: Action for Breach—Evidence Available Against Vouchee. In an action for breach of warranty because of an existing mortgage on the property, the foreclosure proceedings and judgment entry therein are admissible against the covenantor-defendant *to prove the plaintiff's measure of damages*, it appearing that the covenantor had been duly vouched into said foreclosure proceedings. (See Book of Anno., Vol. 1, Sec. 11567, Anno. 155.)

COVENANTS: Action for Breach—Attorney Fees. Attorney fees may be a proper element of recovery in an action for breach of a covenant of warranty. . . .

Headnote 1: 4 C. J. p. 703 (Anno.) Headnote 2: 40 Cyc. p. 2233. Headnote 3: 15 C. J. p. 1335. Headnote 4: 15 C. J. p. 1333.

Headnote 2: 28 R. C. L. 469. Headnote 4: 7 R. C. L. 1170.

*Appeal from Monona District Court.*—C. C. HAMILTON, Judge.

FEBRUARY 15, 1927.

Action to recover for a breach of warranty. The jury returned a verdict in favor of plaintiffs, and defendant appeals.— *Affirmed.*

*Prichard & Prichard,* for appellant.

*Bolter & Murray,* for appellees.

ALBERT, J.—On the 16th day of April, 1920, appellant, Lindley, being then the owner in fee of a certain lot in the town of Little Sioux, conveyed the same by warranty deed to Catherine V. Kellar. This deed contained the usual covenants of warranty that the premises were free and clear of all liens and incumbrances, and a covenant to warrant and defend the title against the lawful claims of all persons whomsoever.

On June 9, 1922, the Heinrich Chemical Company commenced the foreclosure of a mortgage on said property. This mortgage was dated February 26, 1917, and was due March 1, 1918. Notice in that proceeding was served on Catherine V. Kellar and William A. Kellar, who were husband and wife.

It is claimed that thereupon, by proper proceedings, J. H. Lindley, appellant, was vouched into said case; that he failed to appear and defend his title; that judgment was rendered, foreclosing the mortgage, and the same was sold on execution. To prevent the same from going to deed, William A. Kellar, as executor of the estate of Catherine V. Kellar, deceased, and on his own behalf, as sole beneficiary of said estate, paid said costs and accrued costs, amounting to $325.79. He then brought this action against Lindley, alleging breach of the warranty and asking to recover the aforesaid amount, with interest, as provided by law.

In the original petition filed by appellees, the pleading was indefinite as to just what was done about vouching Lindley into the foreclosure suit. An amendment was filed thereto, which

1. APPEAL AND ER- alleged an oral vouching. On the trial of the
ROR: right of case, on ruling of the court that an oral vouch-
review: estop-
pel. ing was not sufficient, under the Iowa law, an
amendment was made, alleging that written notice was given to Lindley to appear and defend in the foreclosure case. Bitter complaint is made of this last amendment because, it is claimed, it changed the issues in the case. The record, however, shows that, at the time this question was raised, the appellant was given opportunity to have the case continued, if he so elected; but that he elected to proceed with the trial. This gave appellant all that he was entitled to, under our practice.

On the trial, after this amendment was filed, J. A. Murray, who was one of the attorneys for appellees, took the witness stand, and testified to having written a letter to appellant, in

2. WITNESSES: which he referred to the foreclosure suit, and
competency: at- advised Lindley that he would expect him to de-
torneys. fend the same. This testimony was objected to
on the ground that, being an attorney in the case, he was incompetent to testify. Waiving the question of ethics of the profession, we have rather frowned upon this practice of attorneys' testifying as witnesses in a lawsuit where they were engaged as counsel; but we realize that there are cases which arise when it becomes absolutely necessary for an attorney to testify. While condemning the practice, we have never held that it was error for the court to permit an attorney to testify. We have held that, in a jury trial, where an attorney testifies, the court

is warranted, if requested, in giving an instruction as to the weight and credibility to be given to his testimony. The last time we had this question before us was in Waterman v. Bryson, 178 Iowa 35, where we passed on this question, and approved an instruction of this character.

The question of whether the notice given was sufficient to vouch the appellant, Lindley, into the foreclosure case is discussed. Suffice it to say that, under the circumstances in this case, it was a question for the jury, and was submitted to the jury accordingly; and the jury found against appellant.

Other propositions, five in number, all surround or are involved in the question as to the admissibility of the judgment entry and record in the foreclosure case; and, if it should be held that such record were properly admitted in evidence, then there is nothing left in the contention of appellant on these propositions.

Appellant, Lindley, having been properly vouched into the foreclosure case, he is bound by the record made in that case (15 Corpus Juris 1267) ; but the question is, how far? The decree settled the proposition that the mortgage and note sued on therein were a binding obligation and a lien on this property at the time the warranty deed was made. So far, there seems to be no dispute between counsel. That judgment entry also determined the amount due on said indebtedness, and carried with it certain costs and accrued costs. It is the claim of appellant herein that the amount thus paid by the Kellars when they redeemed from this mortgage foreclosure sale is not the proper measure of their damage, and therefore that the judgment entry aforesaid in the foreclosure case was not admissible to prove and establish their damages. Great reliance is placed upon the cases of Myers v. Munson, 65 Iowa 423, and Ballou v. Clark, 187 Iowa 496. The facts in each of those cases are very different from those in the case at bar. In each case there were two warranty deeds, and the holder of the last sued his grantor for breach of warranty, and the grantor of the first deed was vouched into the case. After judgment was obtained in that suit, the defendant brought action against the original grantor in the first warranty deed. In each of these cases, the outstanding incumbrance was an easement. In the Myers case, it was

3. Covenants: action for breach: evidence available against vouchee.

the right to maintain and use a stairway, and in the *Ballou* case, it was an easement on the land for controlling and maintaining an open ditch. Both of those cases held that, under such circumstances, the amount fixed by the first judgment is not admissible in evidence or binding in the second suit, the reason being quite apparent; because the damages allowed were based on the depreciated value of the property by reason of the existing easement, and, as land values frequently change, the damages suffered by the last deed holder, thus measured, might not be the damages suffered by the first deed holder. Especially would this be true where, in cases like these under discussion, long times intervened between the two deeds.

In the instant case, however, there is but one breach of warranty, and it was to defend against the mortgage foreclosure that the grantor Lindley was vouched into that case. There can be no question of change of values of the land involved in this matter, as the amount to be ascertained is fixed by the written instrument sued on. We have repeatedly settled the question in this state that the covenantee, under such circumstances, can recover the amount actually paid out to discharge the incumbrance, and that such amount is presumptively the measure of his damages. *Knadler v. Sharp,* 36 Iowa 232; *Newburn v. Lucas,* 126 Iowa 85; *Boice v. Coffeen,* 158 Iowa 705.

Under the situation in this particular case, we feel that there was no error in admitting the record in the foreclosure case as evidence in this case. There are no exceptions to the instructions and no exceptions to the rulings of the court on the matters about which complaint is herein made. This rule is recognized and followed in the case of *Foshay v. Shafer,* 116 Iowa 302.

This disposes of appellant's contention that there was no evidence on which the jury could base a finding as to damages.

Complaint, however, is made that an attorney fee was included in the costs taxed in the foreclosure case.

4. COVENANTS: action for breach: attorney fees.

The record does not so show, however; but, if it did, it is a proper element to be allowed in such cases. *Meservey v. Snell,* 94 Iowa 222; *Foshay v. Shafer,* supra.

We find no error in the record.—*Affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.