FASSNACHT *v.* BESSINGER ET AL.

(Decided February 17, 1930.)

*Mr. Scott Stahl* and *Mr. L. E. Gorman,* for plaintiff in error.

*Mr. F. A. Carabin* and *Messrs. Fraser, Hiett, Wall & Effler,* for defendants in error.

LLOYD, J.   In the court of common pleas an action was commenced by Mills, Rhines, Bellman & Nordhoff, a partnership, against the plaintiff in error, Maud A. Fassnacht, and others, to marshal liens and subject certain real estate of Maud A. Fassnacht to the satisfaction thereof. Subsequent thereto James G. Halapleus commenced an action claiming a right of way over certain of the real estate described in the petition of Mills, Rhines, Bellman & Nordhoff, as a means of ingress and egress to and from adjoining real estate owned by him. By order of the court, these actions were consolidated, and Halapleus, having been made a party defendant to the action first commenced, pleaded therein, and the two actions thereupon proceeded as one.

The real estate in controversy is situated in Providence township, Lucas county, between the Maumee

river and the Miami & Erie canal. Pursuant to a contract made on July 28, 1926, the defendants in error, Otto and Minnie Bessinger, on August 6, 1926, conveyed it to the plaintiff in error, Maud A. Fassnacht, by duly executed warranty deed. This deed provided that the real estate so conveyed should be "subject to legal highways and subject to the rights of the state of Ohio in said canal," the grantors "covenanting that the title so conveyed is clear, free and unencumbered and that they will warrant and defend the same against all claims whatsoever, except taxes and assessments."

Maud Fassnacht paid $1,250 in cash upon the delivery of the deed, and executed and delivered to the Bessingers her promissory note secured by purchase-money mortgage for $3,000, payable in semi-annual installments of $500, with interest. Three of these installments had been paid prior to the filing by Halapleus of his petition claiming a perpetual right of way over the land so purchased. Upon the filing by Halapleus of his petition, Maud A. Fassnacht demanded that the Bessingers defend the title to the lands in question against the claims so made by him. Thereupon the Bessingers filed an answer and cross-petition in the action to marshal liens, alleging default in the payment of the note and mortgage and praying for a personal judgment against Maud A. Fassnacht for the amount due thereon and a foreclosure of the mortgage. To this answer and cross-petition, Mrs. Fassnacht filed an answer and cross-petition admitting the execution and delivery of the note and mortgage, and the payments made thereon, and alleging therein the facts relating to the purchase by her of the lands in ques-

tion by deed of general warranty containing the covenants hereinbefore mentioned and the 'claim made by Halapleus as to the right of way thereover. She alleges that she believes that the title and claims of Halapleus are paramount to her title, claim, and right of possession, and prays that she may have judgment against said defendants Bessinger to the extent that said Halapleus' claim and title damage and injure her title and possession, or, in lieu thereof, that she be ordered to reconvey to said Bessingers the title conveyed to her by them, and that she may have judgment for all sums paid by her to them on account of the purchase of said premises, taxes, assessments, and costs of improvements placed by her thereon.

The Bessingers claim in their answer to this cross-petition that Maud A. Fassnacht knew that Halapleus had an easement and was entitled to a right of way of necessity over the real estate conveyed by them to her, and that she accepted the deed and took possession of the property and executed the note and mortgage with full knowledge thereof, and that she is thereby precluded from claiming a breach of the covenants of warranty contained in the deed.

A written contract, made on November 29, 1880, with J. H. Adams by Edward O'Hearn and his wife, the then owners of the real estate in question, for the conveyance to Adams of the property now owned by Halapleus, contained the following:

"It is further stipulated that a street be for the use of the Public is included 'comensing' at the River bridge Road near the 'canall,' thence in an easterly direction to the 'parsel' of land above de-

scribed that 'be' sold to J. H. Adams the yard fence now around Edward 'Oherns' house to be the north line of said Street.''

The evidence shows that Halapleus has an easement or right of way along the southerly line of the property in question next to and adjoining the river, but is somewhat in conflict as to the knowledge possessed by Mrs. Fassnacht as to its nature and extent. There is no evidence to show that it has ever been or is now a public highway. Mrs. Fassnacht and her predecessors in title have always paid the taxes levied and assessed thereon. It has never been legally dedicated to public use, nor has there ever been an acceptance of it as such by the public authorities. It leads to and stops at the private property of Halapleus, and, so far as the evidence discloses, has never been used by any one except him and his predecessor in title, nor for any purpose except as a private way of ingress and egress to and from the property now owned by him.

The trial court, therefore, correctly found that ''Halapleus is entitled to and has an easement or right of way in, to and over and upon'' the land in question. In view of the admissions and allegations of the pleadings filed by Maud A. Fassnacht and the Bessingers, the only question for determination is whether Mrs. Fassnacht had a right of action for breach of the covenants of warranty contained in the deed to her from the Bessingers. The question we think must be answered in the affirmative. The deed is explicit in its terms, and, unless the facts are such as in law would justify a reformation thereof, the grantors must answer in damages for the injury if any, resulting to the grantee for the breach of its

covenants. *Long* v. *Moler*, 5 Ohio St., 272; *Kunkle* v. *Beck*, 1 Ohio App., 70; *Huyck, Admr.*, v. *Andrews*, 113 N. Y., 81, 20 N. E., 581, 3 L. R. A., 789, 10 Am. St. Rep., 432; 4 L. R. A. (N. S.), 309, Note; *Hardage* v. *Durrett*, 110 Ark., 63, 160 S. W., 883, Ann Cas., 1915D, 862, L. R. A., 1916E, 211.

The judgment of the court of common pleas in favor of the defendants in error Bessinger and against the plaintiff in error is therefore reversed, and the action remanded to that court for further proceedings according to law.

*Judgment reversed and cause remanded.*

RICHARDS, J., concurs.

WILLIAMS, J., dissenting. The writer is of the opinion that an action will not lie in favor of Maud A. Fassnacht against the Bessingers to recover damages for breach of covenant, for the reason that the deed in question shows that the premises conveyed are subject to all legal highways. About 50 years ago the owners of the respective estates entered into a written contract which provided that the right of way in question should be a public one, and there is no question that the right of way has been improved to the extent that stones have been put in the wheelways, and that it has been used as far as the recollection of witnesses goes by those who sought to travel to and from the premises to which the right of way leads. It would seem to be a sound conclusion that it was the intention of the parties to the deed that legal highways should include such a way as that created by the agreement in question.