FASSNACHT v BESSINGER et

Ohio Appeals, 6th Dist, Lucas Co
No 2264. Decided Feb. 17, 1930

Scott Stahl and L. E. Gorman, both of Toledo, for Fassnacht.

F. A Carabin and Fraser, Hiett, Wall & Effler, all of Toledo, for Bessinger, et.

**LLOYD, J.**

The evidence shows that Halapleus has an easement or right of way along the southerly line of the property in question next to and adjoining the river, but is somewhat in conflict as to the knowledge possessed by Mrs. Fassnacht as to its nature and extent. There is no evidence to show that it has ever been or is now a public highway. Mrs. Fassnacht and her predecessors in title have always paid the taxes levied and assessed thereon. It has never been legally dedicated to public use, nor has there ever been an acceptance of it as such by the public authorities. It leads to and stops at the private property of Halapleus and so far as the evidence discloses has never been used by any one except him and his predecessor in title, nor for any purpose except as a private way of ingress and egress to and from the property now owned by him.

The trial court, therefore, correctly found that

"Halapleus is entitled to and has an easement or right of way in, to and over and upon"

the land in question. In view of the admissions and allegations of the pleadings filed by Maud A. Fassnacht and the Bessingers, the only question for determination is whether Mrs. Fassnacht had a right of action for breach of the covenants of warranty contained in the deed to her from the Bessingers. The question, we think, must be answered in the affirmative. The deed is explicit in its terms and unless the facts are such as in law would justify a reformation thereof, the grantors must answer in damages for the injury, if any, resulting to the grantee for the breach of its covenants.

Long vs. Molor, 5 Ohio St., 272;

Kunkle vs. Beck, 1 Ohio App., 70;

3 L. R. A., 789;
4 L. R. A., N. S., 309, note;
38 Am. & Eng. Anno. Cases, 862.

The judgment of the court of common pleas in favor of the defendants in error Bessinger and against the plaintiff in error is therefore reversed and the action remanded to that court for further proceedings according to law.

Richards, J., concurs. Williams, J., dissents.