JOHN R. CUVELIER, by E. M. Cuvelier his father and next friend, Appellee, v. TOWN OF DUMONT, Appellant.

No. 43286.

April 7, 1936.

Rehearing Denied October 2, 1936.

F. J. McGreevey, for appellant.

H. H. Uhlenhopp, for appellee.

RICHARDS, J.—During the day and evening of August 11, 1933, a public celebration was being carried on in defendant town. The principal activities were in the business section, upon those parts of Main and Second streets where are located stores and other places of commercial pursuit. These two streets intersected, Main street extending north and south and Second street east and west. In the evening celebration the activities centered on Main street and that portion of Second street east of Main, and the crowd of celebrants were there gathered. At about 9 o'clock on that evening a storm rather suddenly made its appearance with accompanying wind, lightning, thunder, and rain. Thereupon, plaintiff, and another young man, plaintiff's cousin, to seek shelter, left Main street and hurriedly proceeded toward the west; their course being on the sidewalk along the south side of Second street between Main street and the north and south alley west of Main. The destination of plaintiff was a garage located on the south side of Second street and immediately west of the alley. There were twenty or thirty people ahead of plaintiff, proceeding in the same direction, hurrying to shelter, fully occupying the sidewalk, and when plaintiff overtook them, at a point about 40 feet east of the alley, he and his cousin stepped to the north, off the sidewalk, and started to run around this

crowd; their course being parallel with and about 5 feet north of the sidewalk. While so running around the crowd and at the east line of the alley, plaintiff came into contact with a No. 9 smooth wire that extended across the street, and thereby plaintiff received the injuries of which he complains. This wire had been fastened to poles at each side of the street in such manner that it extended across practically the entire street except the sidewalks, and at a height of about 5 feet above the street level. This wire had been stretched in this manner across the street by defendant's city marshal and street commissioner during the preceding morning, and at the time of plaintiff's injury had not been removed. When the wire had been put up the city officer had placed a small piece of red cloth at each end. The street was 70 feet in width between the sidewalks and its surface was graveled. At the alley where the wire was stretched there were no lights, flares, nor warnings of its presence, and there were no street lights on this part of Second street; the nearest street light being on Main, a half block to the east. Aside from the street light on Main, the only artificial light that illuminated the place where the wire was stretched came from the interior lights of a hotel that occupied the north side of Second street, between Main and the alley, and of a store located opposite the hotel on south side of the street, and of the garage on the south side of Main immediately west of the alley.

Upon defendant's assignments of error the contention is made that plaintiff was guilty of negligence per se contributing to his injuries. Upon that question the jury could have found from the evidence the following facts, additional to those above outlined: That as plaintiff was running around the crowd that was on the sidewalk he was looking ahead; that he saw the electric pole to which the wire had been fastened, and saw cars parked west of the wire; and that he saw that there was a space of 4 or 5 feet between the southmost car and the above-mentioned electric pole at the south side of the street; that plaintiff was intending to run through this 4 or 5 foot space and thence into the garage on the west side of the alley; that he had no notice nor knowledge of the presence of the wire; that there was not sufficient light to make the wire at all visible to plaintiff, excepting perhaps when there were occasional flashes of lightning.

 That it was not negligence per se to proceed in the

nighttime upon parts of the unlighted street other than the sidewalk, so long as plaintiff exercised that care and caution which reasonably prudent persons would exercise in so doing, is held in Middleton v. Cedar Falls, 173 Iowa 619, 637, 153 N. W. 1040, 1048. Appellant contends that the fact that plaintiff was running, instead of walking, added to the fact that plaintiff was proceeding elsewhere than on the sidewalk, in the nighttime, establishes negligence per se. In the Middleton case, supra, under quite similar facts the court said:

"It is not negligence per se for one to pass along a street in the nighttime without a light, nor is it negligence per se to then walk rapidly; and this is certainly true where an injured party had no reasonable grounds for believing that the city had been derelict in its duty in keeping the street in a reasonably safe condition, and where, under the law, she had a right to anticipate that it was in safe condition."

In Erickson v. Town of Manson, 180 Iowa 378, 160 N. W. 276, the plaintiff was injured in the daytime on account of coming into contact with a wire stretched along the side of the street. She had come hurriedly out of her house, buttoning her coat, and passed quickly on a direct line toward an auto, and while so doing the wire, stretched horizontally, caught her across the face, causing her injuries. She testified that she could not say whether she looked to see whether there was any obstruction; that she was not expecting any obstructions and was not certain whether she looked to see whether there were any overhead obstructions; that she was watching the children as she left the house for the automobile; that her attention was attracted by the passing of another car. The opinion holds the question of her contributory negligence was for the jury, although, it is true, there is no specific discussion in the opinion of the hurried manner of approaching the wire that caused the injury. In considering the speed with which plaintiff was proceeding, in the case at bar, there is the evidence of the storm, as a diverting circumstance, and the diverting nature of this circumstance is easily seen, because it aroused in plaintiff and the others of the crowd the very natural impulse to escape. Further, visualizing plaintiff's surroundings, it is to be noted that he was not proceeding in utter darkness. The illumination of plaintiff's course along the street was at least so sufficient that the people on the

sidewalk, the parked cars, and the electric pole were all visible to plaintiff, and from the evidence we think the jury could well have found that there was sufficient light to reveal to plaintiff, and to enable him to avoid, as he ran along the street, any object a person of ordinary caution would anticipate being rightfully in the street. No person in the exercise of ordinary care would be required to anticipate the probability that the city had erected across the street an invisible menace and entrapment, such as was this wire. In view of the record as pointed out, and the authorities cited, we cannot agree with appellant that all reasonable minds would be in accord that plaintiff acted in a negligent manner. We think it was a question for the jury.

■■■ Appellant contends that plaintiff's cause of action, because brought more than three months after the happening of plaintiff's injury, was barred by the statute of limitations. Section 11007, Code 1931, did limit to three months the period within which plaintiff's action could be commenced, unless within sixty days after the happening of the injury the defendant city was served with written notice specifying the time, place, and circumstances of the injury. Appellant denies, and appellee affirms, that such notice was served. The appellee's attorney, offering himself as plaintiff's witness, testified that he served the notice upon the city by service on the mayor. This the then mayor, as defendant's witness, denied. Appellant contends that the nature and quality of plaintiff's evidence of the service of the notice was such that, when directly contradicted by the testimony of the then mayor, there remained no issue of fact worthy of submission to the jury on the question whether the notice was served. Therefore, says appellant, the statute mentioned has barred the cause of action. To support this proposition appellant points out that the witness who testified he served the notice was the attorney who was plaintiff's sole counsel in this case, and who fully tried the case for plaintiff without withdrawing though offering himself as plaintiff's witness. Appellant cites Alger v. Merritt, 16 Iowa 121, wherein this court said:

"No attorney having a just conception of his true and proper position will willingly unite the character of counsel and witness in the same case."

And appellant cites many subsequent expressions of this

court, not necessary to be set out because the court always has condemned such practice and deemed it reprehensible. However, without detracting in the least from such expressions of condemnation and abhorrence, this court of necessity has recognized that unforeseen situations may arise in the trial of a case, making it proper that an attorney testify as his client's witness; but, as we have also said, thereupon he should entirely withdraw from the case if the circumstances will permit. Kellar v. Lindley, 203 Iowa 57, 212 N. W. 360; Stickles v. Townsend, 171 Iowa 697, 154 N. W. 307. In the case at bar the appellant delayed pleading the defense that the action was barred by the statute of limitations until some time during the day on which the trial of the case began. Plaintiff was represented by but the one attorney. Perhaps without conscious intention, but nevertheless quite effectively, appellant by so delaying the unmasking of its batteries forced plaintiff's attorney into a situation where the course he pursued probably seemed to him mandatory in order to fulfill the duty he owed his client. We can appreciate also the jeopardy of the client's interests that could have come out of lack of acquaintance with the case, had some other attorney been substituted for the attorney who testified. Appellant also cites Hull v. Mitchell, 181 Iowa 51, 162 N. W. 235, wherein an attorney combined the character of witness and attorney for a litigant; this court holding that his testimony ought not be accorded probative force sufficient to meet the strong presumption of undue influence that was in the case. But this was an equity in which this court was considering the issues de novo. Although in some jurisdictions the testimony of an attorney appearing for a litigant in the same action has been excluded entirely, as a matter of public policy, and for the integrity of the legal profession, this court has never held that such witness is incompetent. Alger v. Merritt, 16 Iowa 121. The fact of the dual capacity of such witness, in this jurisdiction, goes to the weight of the evidence, and the jury may properly be so instructed. Kellar v. Lindley supra.

■■■ It follows that there was sufficient evidence to warrant submitting to the jury the question of the giving of the notice prescribed by Code, section 11007, and appellant's contention, that on the record the cause was barred, cannot be sustained.

We have examined appellant's contentions that there was error in giving instruction No. 6, wherein the court advised the

1022

jury that a pedestrian has the right to travel upon any part of a public street in a town and is not required to travel upon the sidewalk. The objection is, not that the instruction is an incorrect statement of the law, but that the manner of giving the instruction unduly subordinates the question of contributory negligence. We do not find there is such prejudicial effect in the instruction when it is considered in connection with the remainder of the charge to the jury. Nor do we find any prejudicial error in the court overruling a motion for new trial on the ground of newly discovered evidence, nor on the ground of misconduct of the jury. Having examined the assignments of error, we find nothing therein warranting a reversal.

The case is affirmed.—Affirmed.

All Justices concur.