GREEN v. RONEN ET AL.

1. **Practice in the Supreme Court:** PARTIAL ABSTRACT OF EVIDENCE. Where the abstract does not show that it contains all the evidence, and the appellee moves to dismiss the appeal on that ground, the motion must be sustained.

2. ——: NO JUDGMENT APPEALED FROM: APPEAL DISMISSED. This court can entertain an appeal only when a judgment has been rendered from which an appeal may be taken, and the judgment must be affirmatively shown; and, in the absence of such showing, the case will be dismissed, even though the parties fail to raise the objection; for, being jurisdictional in its nature, the parties cannot waive it by silence or consent.

*Appeal from Jones Circuit Court.*

THURSDAY, JUNE 15.

ACTION IN CHANCERY.    The petition alleges that plaintiff contracted in writing with defendant Heisey for the purchase of certain real estate, and that Heisey afterwards sold it to defendant Ronen, who had actual knowledge of the sale to plaintiff.    The petition prays that the specific performance of the contract be enforced and an amended petition asks that, in case it be found such relief cannot be granted, a judgment be entered against defendant Heisey for the damages to which plaintiff is legally entitled under the law.    Plaintiff brings the case by appeal to this court.

*Remley & Ercanbrack* and *Sheean & McCarn,* for appellant.

*Ezra Keeler,* for appellee.

BECK, J.—The abstract upon which the case is submitted for trial in this court fails to show that a decree or judgment, either final or interlocutory, was rendered in the case. Not one word is found in any manner indicating that a decision of any question was made by the court below. The abstract contains the pleadings and evidence and a copy of the judge's certificate upon which the cause was tried, and nothing more. The counsel of the respective parties present arguments upon the merits of the case as disclosed by the testimony. From the argument of appellant we learn that the abstract is agreed upon.

Counsel for defendants move to dismiss the appeal on the ground that the abstract fails to show that it contains all the evidence and that any judgment was entered in the case. The objection first mentioned may be urged upon motion to dismiss or affirm as we have recently ruled. The abstract does not show that it contains all the evidence. The motion, therefore, must be sustained.

The other ground of the objection may be considered either upon motion or upon the submission, as it pertains to our jurisdiction to determine the case. We can entertain an appeal only when a judgment has been rendered from which an appeal may be taken, and the judgment must be affirmatively shown. And we will dismiss the case, even though the parties fail to present the objection to us, for being jurisdictional in its nature the parties cannot waive it by silence or by consent. This court cannot try a case wherein no judgment has been entered in the court below. These points were ruled by this court in *Pittman v. Pittman et al.,* 56 Iowa, 769. Appeal must be

DISMISSED.