·IDA COUNTY v. WOODS *et al.*

1. **Pleading:** MOTION TO STRIKE SURPLUSAGE : APPEAL. Error in overruling a motion to strike out of a petition irrelevant and redundant matter is not prejudicial, and an appeal will not lie from such a ruling, because the defendant still has the right to object to such matter on the trial. (See *Specht v. Spangenberg*, 70 Iowa, 488.)

2. ———: MOTION FOR MORE SPECIFIC STATEMENT : PLEADING OVER. Error in overruling a motion for a more specific statement is waived by pleading over.

3. **Appeal:** PRESUMPTION IN FAVOR OF TRIAL COURT. This court will presume, in favor of a judgment of the district court, that the action in which it was rendered was not prematurely brought, where the record does not forbid such presumption.

4. **Evidence:** PROCEEDINGS OF BOARD OF SUPERVISORS. The fact that no proceedings on a certain point were had by the board of supervisors is not a matter of record, and may be shown by the testimony of the county auditor, if he knows the fact.

5. **Embezzlement:** EVIDENCE. In an action to recover of an officer money alleged to have been embezzled, evidence that he had money on deposit in a bank, to his credit officially, at the time of the alleged embezzlement, is not admissible to negative the alleged embezzlement.

*Appeal from Ida District Court.*—HON. J. H. MACOMBER, Judge.

FILED, JANUARY 29, 1890.

ACTION upon an official bond against the principal and sureties. The cause was tried without a jury, and judgment was rendered for plaintiff. The sureties appeal

*Warren & Buchanan* and *Bradshaw & McGiffin*, for appellants.

*W. A. Helsell*, for appellee.'

BECK, J.—I. Defendants moved in court to strike out certain parts of the petition as irrelevant and redundant, and also for a more specific statement of the cause of action. These motions were overruled. The defendants did not stand upon their motions, but went to trial upon the pleadings as they stood before the motions were made. They now complain of the action of the court in overruling the motions.

II. By proceeding to trial after the motion to strike was overruled, defendants did not waive the right to object to the matter complained of as irrelevant and redundant; and, if the objection was well taken, they should have been treated as mere surplusage. *Specht v. Spangenberg*, 70 Iowa, 488. It follows that the error, if there was any, in overruling the motion, was without prejudice, for it left defendant free to urge his objection at the trial. Besides, it was held in the case just cited that an appeal does not lie from the overruling of a motion to strike.

1. PLEADING: motion to strike surplusage: appeal.

III. The error, if any there be, in overruling the motion for a more specific statement, was waived by the defendants' pleading over. *Kline v. Railway Co.*, 50 Iowa, 656; *Coakley v. McCarty*, 34 Iowa, 105.

2. ——: motion for more specific statement: pleading over.

IV. It is insisted that the evidence fails to support the judgment. The arrearage claimed by plaintiff arose from fees of jurors, witnesses and others, received by the principal in the bond, as clerk of the county, and which were not paid into the county treasury, as

required by Code, section 3786. It cannot be said that there is such an absence of proof in support of the judgment as will require us to interfere. Indeed, we think one admission shown in the record is to the effect that the records kept by the clerk show the receipt of the money by him, but fail to show the payment by him. Surely, if the clerk was liable at all for the sums in question, his liability is sufficiently established by this admission, and other evidence in the case.

V. Counsel for defendants insist that plaintiff is not entitled to recover, for the reason that the petition

3 APPEAL: presumption in favor of trial court.

alleges that the embezzlement occurred before the first Monday of July, 1886, and it is not shown that it did not occur more than a day or two before that date. The statute (Code, section 3786) requires payments of fees in the hands of the clerk to be made to the county treasurer on the first Mondays in January and July of each year. Now, as we have seen, it is shown that the clerk received the money, and he has failed to show that he has paid it out. He was bound to pay it six months after July 1, and at the expiration of that time he would be liable. While the abstract nowhere shows the exact date of the commencement of the actions, we are authorized to infer that it was commenced after the expiration of six months, in order to sustain the judgment of the court below, in the absence of any proof to the contrary. The clerk would at that time be liable for the money. The allegations of the petition do not estop the plaintiff to claim either that the embezzlement was six months before July 1, or that the suit was brought more than six months after that date. In either case, defendants would be liable.

VI. The county auditor verified a written statement filed with the supervisors as to the receipt of

4. EVIDENCE: proceedings of board of supervisors.

money by the clerk, and produced it. He stated that no proceedings were had in regard to it. To this last statement of the witness objections were made and overruled. We think

the evidence was rightly admitted. It was competent for the auditor to testify to the fact that no action on the statement was had by the board of supervisors. We know of no other way of establishing the negative fact that no proceedings were had than by the testimony of one knowing the fact.

VII. Defendants proposed to prove that the clerk had on deposit in a bank, to his credit officially, money

5. EMBEZZLE-
MENT: evi-
dence.

in excess of the sum which it is alleged he embezzled, at the time of the embezzlement. The evidence was rightly excluded. The defendant could have paid to the parties entitled to it the money on deposit, and unlawfully appropriated other moneys. The evidence does not. tend to show that the clerk did not unlawfully appropriate to his own use the money for which judgment was claimed in this case.

These views lead to a disposition of all questions in the case. The judgment of the district court is

AFFIRMED.