O. C. MORRISON, Appellant, v. CARROLL CLINIC et al., Appellees.

**APPEAL AND ERROR: When Appeal Lies—Overruled Motion to Dismiss.** A ruling which denies a motion to dismiss (in lieu of the former equitable demurrer) is not appealable unless the movant unequivocally elects to stand upon his motion, and submits to a final adverse judgment; and this is true though appellant asserts on his attempted appeal that he has nothing further to plead. (See Book of Anno., Vol. 1, Sec. 11148, Anno. 19 *et seq.*)

**APPEAL AND ERROR: When Appeal Lies—Overruled Demurrer to Answer.** Where plaintiff, after answer, moved for judgment of dismissal, and also for judgment on the pleadings, held that, if it be permissible to treat the latter motion as a demurrer to the answer, yet an adverse ruling thereon was not appealable unless plaintiff elected to stand thereon.

**APPEAL AND ERROR: When Appeal Lies—Overruled Motion to Strike.** An order overruling a motion to strike alleged immaterial or redundant allegations, or to strike matters which do not involve the merits of the case, is not appealable.

Headnote 1: 3 C. J. pp. 598, 666 (Anno.)    Headnote 2: 3 C. J. p. 666 (Anno.)    Headnote 3: 3 C. J. p. 488.

*Appeal from Carroll District Court.*—J. A. HENDERSON, Judge.

JULY 1, 1927.

The plaintiff appeals from orders overruling his motions, made after answer, to dismiss, under Section 11130 of the Code of 1924, for judgment on the pleadings, and to strike portions of the answer. On motion of the appellees, the appeal is—*Dismissed.*

*B. I. Salinger*, for appellant.

*Helmer & Minnich* and *E. A. Wissler*, for appellees.

VERMILION, J.—The suit is in equity, by a minority stockholder of a corporation, against the corporation and the other stockholders, to enjoin action by the defendants under an amendment to the articles of incorporation, and to declare the amendment void. The petition alleged that, in a prior suit be-

tween the same parties, the defendants had been enjoined from
carrying on any business as a corporation, or for the corpora-
tion, in excess of the powers defined by the articles of incor-
poration, and that subsequently the articles had been amended,
over the protest of the plaintiff, fundamentally changing the
purpose of the corporation and the business to be carried on by
it. It was alleged that the defendants were attempting to con-
duct a business other than that which they were authorized to
conduct, and one which the former decision enjoined them from
pursuing.

The answer denied all allegations of the petition not ad-
mitted or explained; denied that any injunction was ever issued,
or any judgment entered in the former action; but alleged that
the court in that action made a finding that the acts of the
corporation had been outside of the powers conferred by the
articles of incorporation, and that thereupon the articles were
duly amended, to authorize the doing of the things and the
transaction of the business which the corporation had been en-
gaged in. Participation by the plaintiff, as an organizer, stock-
holder, director, and officer of the corporation in the business
actually carried on, was alleged by way of estoppel.

After the answer was filed, the plaintiff, appellant, filed a
motion to dismiss, under Section 11130, Code of 1924, and for
judgment on the pleadings, and, subject thereto, a motion to
strike portions of the answer. These motions were overruled,
and the appeal is from the rulings.

The appellees move in this court to dismiss the appeal, on
the grounds: (1) That the appellant did not elect to stand upon
the rulings, and no final judgment was entered in the case; and
(2) that the rulings did not affect the merits of the case or the
final determination.

I. It is conceded, and properly so, that the motion to dis-
miss was the same, in effect, as a demurrer to the answer at law
or under former practice in equity.

· The appellant did not elect to stand on the ruling on his
motion, and no final judgment was entered. We have repeat-
edly held that it is essential to a right of appeal from a ruling

on demurrer that the defeated party should un-equivocally elect to stand upon the ruling; In *Hansen v. Independent Sch. Dist.*, 193 Iowa 417, we had occasion to consider the question, and reviewed the cases so holding. We said:

1. APPEAL AND ER-ROR: when appeal lies: overruled motion to dismiss.

"The cardinal principle of the rule thus established is that, in order to maintain an appeal from an adverse ruling on a demurrer, the appellant must stake his case upon the demurrer."

Here, as has been said, there was neither a formal election to stand upon the ruling nor a final judgment. The case still stands for trial in the lower court upon the issues joined.

Appellant insists in argument that he cannot plead further; that he has nothing to plead, to meet the allegations of the answer. This might have been a good reason for standing upon the ruling, but the admission in this court does not take the place of an election so to do, or a final judgment.

II. A motion by a defendant, after answer, for judgment on the pleadings cannot be considered as a demurrer; for the defendant cannot answer on the merits and at the same time demur to the petition; and our practice does not permit a demurrer to the issues. *Fairmont Creamery Co. v. Darger*, 178 Iowa 732. Whether a motion by a plaintiff, in such a situation, could be construed as a demurrer to the answer, we need not determine; for, if it could be so considered, what has been said with respect to the motion to dismiss is applicable, and if not, the order overruling it was not appealable. *Fairmont Creamery Co. v. Darger*, supra. Cases where a motion for judgment on the pleadings was sustained and judgment rendered are clearly not in point, for an appeal would there lie from the judgment. *Fairmont Creamery Co. v. Darger*, supra; *Tewksbury v. Title Guar. & Sur. Co.*, 180 Iowa 1350; *Price v. Town of Earlham*, 175 Iowa 576.

2. APPEAL AND ER-ROR: when appeal lies: overruled demurrer to answer.

III. In general, an order overruling a motion to strike is not appealable. *Specht v. Spangenberg*, 70 Iowa 488; *Ida County v. Woods*, 79 Iowa 148; *Crum v. Emmett*, 191 Iowa 797. An appeal will, however, lie from such an order where, if the motion had been sustained, the pleader would have been deprived of part of the relief demanded, and the motion is, in effect, a

3. APPEAL AND ER-ROR: when appeal lies: overruled motion to strike.

demurrer. *Seiffert & Wiese Lbr. Co. v. Hartwell,* 94 Iowa 576. There are other recognized exceptions to the general rule. *First Nat. Bank v. Shriver,* 152 Iowa 504; *Smith v. Morrison,* 203 Iowa 245. The present case comes within none of them.

The portions of the answer which the plaintiff moved to strike pleaded facts relied upon by defendants as estopping the plaintiff to have the relief sought, and amplified facts set up and relied upon in the petition as entitling plaintiff to relief, and as concluding the defendants. The motion was based on the ground that the allegations assailed were immaterial, irrelevant, redundant, and a statement of nonpermissible legal conclusions, and that the defendants were estopped by the decision in the former action to so plead.

In so far as the motion was directed to allegations claimed to be immaterial, redundant, or legal conclusions, the order overruling it was clearly not appealable. *Specht v. Spangenberg,* supra; *Ida County v. Woods,* supra.

The articles of incorporation contained a provision that they might be amended by the vote of a majority of the stock outstanding, at any regular meeting, or at a special meeting called for that purpose. The answer alleged facts showing that the amendment was duly adopted.

The ultimate questions in the case are: (1) Whether the amendment adopted worked such a fundamental change in the purposes of the corporation and the business to be transacted by it that it required the assent of all the stockholders, or was such an amendment as could legally be adopted by the vote of a majority of the stock, under the consent of the stockholders, given in the articles, that amendments might be made in that manner; and (2) whether, by the judgment in the former action,—if a judgment be assumed to have been entered therein,—the defendants were estopped to claim that the amendment was such as the stockholders had in the articles consented might be so made.

Manifestly, the ruling on the motion to strike could not affect the decision of the first question. And, in so far as the motion presented the contention that the claimed judgment worked an estoppel as against the defendants, had it been sustained, that issue would still have remained in the case, under the allegations of the petition. The order overruling the motion to strike did not involve the merits of the case, and could not

materially affect the final decision, and was not, therefore, appealable. Section 12823, Code of 1924.

The appeal is—*Dismissed.*

Evans, C. J., and Stevens, Faville, De Graff, Morling, and Kindig, JJ., concur.

Albert, J., not participating.