PHILIP K. DEVOE, Appellee, v. FRANK W. DUSEY, Appellant.

FEBRUARY 7, 1928.

REHEARING DENIED MAY 11, 1928.

*Higbee & McEniry,* for appellant.

*George A. Johnston* and *L. J. Camp,* for appellee.

EVANS, J.—There was no election by the defendant to stand upon his pleading. Nor was any judgment entered against him. His appeal was, therefore, premature. We have held repeatedly that a party may not appeal from an adverse ruling on a de-. murrer unless he elects to stand upon his pleading or suffers judgment for want of· pleading or of amendment to his pleading. Our cases on this subject are cited and reviewed in *Hansen v. Independent Sch. Dist.,* 193 Iowa 417. The reason for such a rule is manifest. A ruling on a demurrer adjudicates nothing, except upon the election of the defeated party to stand upon his pleading. To allow an appeal from a mere ruling by the trial court in settling the issues would open the door to endless appeals to this court from rulings that lack finality. In the cited case we said:

"True it is, as contended by appellant, that, if plaintiff

goes to trial or pleads over, he waives his demurrer and his right to complain of the ruling thereon; and if he stakes his case upon the demurrer, in order to take the appeal, he waives the right to a trial on the facts. This is not so great a hardship as the appellant would make it. A ruling on a demurrer in and of itself settles nothing. It becomes an adjudication only if the defeated party chooses to make it such. He makes it such by standing upon his pleading. He has an equal right to choose to try his case upon its full merits, both of fact and of law. Though he thereby waives his demurrer and his right to appeal from an adverse ruling, yet he waives no legal right affecting the merits of his case. Whatever legal argument was involved in his demurrer is still available to him. The trial court which ruled adversely to him is not precluded from changing its views, upon the final submission of the case upon its merits. If, therefore, the complaining party is not willing to stake his case upon his demurrer, an appeal thereon would become merely a dilatory process. A ruling by us in such a case, like a ruling by the trial court, would settle nothing, if the appellant still had the right to a trial below upon the facts, and to dispute there the allegations which he has admitted by his demurrer. * * * It is, therefore, in the interest of speedy litigation and of effective appellate procedure that the rule in such case should be just what it is.''

In *Wilcox v. McCune*, 21 Iowa 294, we said:

''To entitle a party to the benefit of an exception to the action of the court in sustaining or overruling a demurrer, he must stand by his pleading or demurrer.''

In *Thorpe Bros. & Co. v. Smith*, 86 Iowa 410, we said:

''The appellee has filed a motion to dismiss the appeal, on the ground that no judgment has been rendered, and the appellants failed to elect to stand on their petition. The motion is resisted on the ground that an appeal lies from an order sustaining or overruling a demurrer, and on the further ground that the ruling on the demurrer disposed of the case. Whether it did or not depended upon the volition of the plaintiffs. They had the right to amend their petition when the appeal was taken, and, so far as the record shows, may since have done so.''

See, also, *Roddy v. Gazette Co.*, 163 Iowa 416; *Western Sec. Co. v. Atlee*, 168 Iowa 650; *Greeson v. Greeson*, 185 Iowa 1096. The ruling of the trial court upon a demurrer is subject

1264

to change throughout the trial. It puts no obstacle in the way of a change of opinion by the trial court. The effect of such ruling may be obviated by later pleadings. And all this would be equally true if the ruling were prematurely reviewed by us. In the cited cases, therefore, we have held it essential to the right of appeal in such a case that the appellant elect to stand upon his pleading. Such election gives finality to the ruling. It is not essential to the right of appeal that *judgment* be entered; but *if* judgment be suffered, this is deemed sufficient evidence of an *election*.

The appeal is, accordingly, dismissed.—*Dismissed.*

FAVILLE, DE GRAFF, ALBERT, KINDIG, and WAGNER, JJ., concur.

STEVENS, C. J., not participating.