T. C. HAWTHORNE et al., Appellants, v. L. A. ANDREW, Receiver, et al., Appellees.

No. 40005.

NOVEMBER 12, 1929.

*Roberts & Roberts*, for appellants.

*Gillies & Daugherty, John Fletcher*, Attorney-general, *C. J. Lambert*, and *James J. Jennings*, for appellees.

WAGNER, J.—Section 11130 of the Code provides:

''In actions triable in equity, every defense in point of law arising upon the face of the petition, cross-petition, petition of intervention, answer, counterclaim, or reply, as the case may be, for misjoinder of parties, or which in an action triable at law may be made by demurrer, shall be made by motion to dismiss or in the answer or reply.''

The defendants availed themselves of the remedy of attacking the plaintiffs' petition by motions to dismiss, as provided for in the aforesaid quoted section. Upon the submission of said motions, the same were by the court sustained, and the plaintiffs given an exception. The plaintiffs did not elect to stand on their pleading, and no final judgment has been rendered.

The first question claiming our consideration is the right of the plaintiffs to prosecute this appeal. We have held that a motion to dismiss, as provided for in the aforesaid quoted section is, in legal effect, the equivalent of what was formerly called an equitable demurrer. See *Morrison v. Carroll Clinic*, 204 Iowa 54; *Swartzendruber v. Polke*, 205 Iowa 382; *In re*

*Estate of Delaney,* 207 Iowa 451. It will be observed from the aforesaid quoted section that the pleading which attacks the petition, answer, or reply, etc., is denominated "motion to dismiss." In other words, if a party to the suit desires to raise a proposition of law as to the sufficiency of the pleading of the opposing party, it may be done by "motion to dismiss." The mere sustaining of the motion to dismiss, in and of itself, is not a final judgment, and does not terminate the litigation.

It has been the repeated pronouncement of this court that an appeal will not lie from a ruling on a demurrer or motion to dismiss unless the defeated party has done one of two things, to wit: (1) elected to stand on his pleadings, or (2) suffered final judgment to be entered against him. See *Morrison v. Carroll Clinic,* 204 Iowa 54; *Devoe v. Dusey,* 205 Iowa 1262; *Hansen v. Independent Sch. Dist.,* 193 Iowa 417; *Wilcox v. McCune,* 21 Iowa 294.

Since the plaintiffs did not elect to stand upon their pleading, and since no final judgment has been rendered against them, their attempted appeal is without avail, and the same is hereby dismissed.—*Appeal dismissed.*

ALBERT, C. J., and STEVENS, MORLING, and GRIMM, JJ., concur.