MARTHA NEESE v. F. E. FURRY et al.

F. E. FURRY, Appellant, v. M. A. NEESE, Appellee.

No. 39854.

NOVEMBER 21, 1929.

REHEARING DENIED FEBRUARY 14, 1930.

*Peisen & Soper,* for appellant.

*Baker & Doran, O. G. Clause,* and *Bryson & Bryson,* for appellee.

DE GRAFF, J.—Plaintiff, Martha Neese, who was the wife of M. A. Neese, commenced this action on August 5, 1927, for personal injury alleged to have resulted from an automobile collision. The Neese car was owned by M. A. Neese, the husband, and the other car in the collision was owned by F. E. Furry (defendant), and at the time of the collision, his wife, Mrs. F. E. Furry (codefendant), was riding with him. On September 10, 1927, the defendant F. E. Furry filed a cross-petition against the plaintiff's husband, M. A. Neese. We therefore have this situation as to parties on this appeal: to wit, F. E. Furry, cross-petitioner and appellant, and M. A. Neese, defendant to cross-petition, and appellee.

To the cross-petition of F. E. Furry, the defendant-appellee, M. A. Neese, filed a demurrer. The trial court sustained generally the demurrer, and from this ruling the cross-petitioner, F. E. Furry, appeals. We deem it unnecessary, by reason of the dismissal of the appeal, to recite the allegations of the cross-petition or set out the grounds upon which the demurrer thereto was predicated.

The abstract of record discloses that, on February 7, 1929, the district court of Hardin County, Iowa, sustained the said demurrer, and gave to the cross-petitioner, F. E. Furry, an exception. The record contains no other showing, except that, on the 14th day of February, 1929, an appeal was taken, and service had in due form and manner, and that the notice of appeal was at said time deposited and filed in the office of the clerk of said court. It does not appear that the cross-petitioner elected to stand upon his pleadings, or suffered judgment to be entered against him. Had judgment for costs been entered against him when the demurrer was sustained, the cross-petitioner had a right to elect to stand on his pleadings, and appeal. He also had the right, prior to judgment, to elect to amend his pleadings, taking the chance that further challenge would be made by the adverse parties. *Swartzendruber v. Polke*, 205 Iowa 382.

An appeal does not lie from a ruling which sustains a demurrer unless the defeated party does one of two things: to wit, (1) elects to stand on his pleadings, or (2) suffers final judgment to be entered against him. *Devoe v. Dusey*, 205 Iowa 1262.

Wherefore, the appeal is—*Dismissed.*

ALBERT, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.