L. C. SMITH, Appellee, v. DES MOINES & CENTRAL IOWA RAIL-ROAD, Appellant.

No. 40548.

NOVEMBER 18, 1930.

*Corwin R. Bennett,* for appellant.

*C. H. Miller,* for appellee.

EVANS, J.—Plaintiff's petition declares upon 26 counts, each count stating a separate cause of action. The plaintiff sues as assignee of such causes of action. Each cause of action is predicated upon a loss of coal in transit from eastern points to the city of Des Moines. The consignee in each case was the Evans-Lloyd Fuel Company, which company is the assignor of plaintiff. The respective shortages in 26 carloads are set forth, and damages claimed therefor in the 26 counts. The shipments were made on various dates between December 5, 1927, and April 23, 1928. An assignment of each cause of action was made by the said company to the plaintiff on or about January 3, 1929. One of the defenses pleaded by the defendant, as an offset, was a promissory note for $1,040, given by plaintiff's assignor to the

224

defendant herein in 1924, and to become due on September 1st of that year. The plaintiff filed a motion to strike this defense. The motion was predicated upon grounds of demurrer,. and was apparently intended to serve the function of a demurrer. The same motion included a motion for more specific statement as to some portion of the defendant's answer, which is not incorporated in the present record. The trial court first overruled the motion, and later reconsidered his ruling, and entered an order sustaining the motion. Such order was as follows:

"Now this day, this case coming on upon motion to reconsider ruling on motion by plaintiff, and the court being duly advised in the premises, said motion is sustained, motion modified to strike all references to note in defendant's answer, and to require the defendant to make more specific as to the number and title of case pending in court involving same issues. Otherwise, overruled. Plaintiff and defendant except."

From such order the defendant has prosecuted its appeal.

Upon the record before us, the order appealed from appears to have been purely interlocutory. The defendant made no election whether it would amend its pleading or stand upon it. Nor was judgment entered against it. So far as appears, the case is still pending in the trial court. Upon the record thus disclosed, the order was not appealable. That is to say, a review of such ruling can be had only upon an appeal from the final judgment. *Hansen v. Independent Sch. Dist.*, 193 Iowa 417; *Devoe v. Dusey*, 205 Iowa 1262.

For this reason the appeal must be dismissed.—*Dismissed.*

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.