FRANK W. PORTERFIELD et al., Appellants, v. GRAND LODGE, ANCIENT ORDER UNITED WORKMEN, Appellee.

No. 40329.

MAY 5, 1931.

REHEARING DENIED SEPTEMBER 26, 1931.

B. I. Salinger, and John McLennan, for appellants.

Utterback and Forrest, for appellee.

PER CURIAM: Appellants brought suit to recover $4,000, claiming it was the balance of a loan made to the appellants by the appellee, which had not been paid although notes representing the sum had been delivered to the appellee. The appellee answered, and as a part of its answer alleged that the appellants and the appellee had made a full and complete settlement of the matters in controversy between them, and that said settlement was evidenced by a certain instrument known as Exhibit A, attached to the answer. The appellants moved to strike the allegations of settlement. The abstract shows in regard thereto, the following:

"Plaintiff moves that said allegations and said exhibit be stricken, because they are irrelevant, immaterial, and a sham defense, in that it appears on the face of the pleadings, and said exhibit shows on its face, there has been no settlement that affects this suit; and because all vitals in said allegations are naked conclusions."

The abstract shows the following:

"On the 13th day of January, 1930, the district court overruled said motion to strike. To this ruling and order the defendants duly excepted at the proper time and in the proper manner and form. On the said 13th day of January, 1930, the court duly caused the said ruling and order to be entered of record."

The abstract further shows that:

"After said order had so been entered, the plaintiff duly perfected his appeal."

That is all that is shown in the abstract in regard to the matter.

In this court the appellee filed a motion to dismiss the appeal on the ground that:

"An appeal does not lie from an intermediate order of the court overruling the motion to strike."

It may be assumed for the purposes of this appeal that the motion to strike the affirmative defense pleaded was equivalent to a demurrer. We so regard it. If it be treated as a demurrer, then we have a situation where the record is utterly silent as to any election on the part of appellants to stand on the ruling on the demurrer, and suffer judgment.

In Devoe v. Dusey, 205 Iowa 1262, we said:

"There was no election by the defendant to stand upon his pleading."

Because of failure to elect to stand on the pleading we dismissed the case.

In the Devoe case the recitals in the abstract were:

"Plaintiff appears by Geo. A. Johnston and L. J. Camp. Defendant appears by Higbee and McEniry. Demurrer of plaintiff to the answer of defendant submitted. Demurrer sustained. Defendant excepts.

"And on the 20th day of April, 1927, the defendant, appellant, perfected his appeal from the ruling on said demurrer to the Supreme Court of Iowa, by serving Notice of Appeal."

The record is very similar to that in the instant case, and we dismissed the appeal.

It is a well-established rule that jurisdiction can not be conferred upon this court by appearance or consent. In case of a ruling on a demurrer, it must affirmatively appear, not only that there was an exception to the ruling, but likewise an election to stand on the demurrer or a judgment following, or there is nothing properly before us for consideration.

The case appears to come within the rule of the Devoe case.

In Hansen v. Independent School District, 193 Iowa 417, we held that it was essential to the right of appeal that it should appear that the party unequivocally elected to stand on the demurrer.

See, also, Morrison v. Carroll Clinic, 204 Iowa 54; Haw-

thorne v. Andrew, 208 Iowa 1364; Benjamin v. Jackson, 207 Iowa 581; State ex rel. Ackerly v. Shepherd, 202 Iowa 437; Hanson v. Carl, 201 Iowa 521.

The record fails to show that appellants unequivocally elected to stand on their motion to strike (demurrer) or suffered judgment to be entered against them.

In this condition of the record the appeal must be, and it is,—Dismissed.

FAVILLE, C. J., and EVANS, WAGNER, KINDIG, MORLING, and GRIIMM, JJ., concur.

ALBERT, J., dissents.