MILTON GRIMM et al., Appellants, v. FIRST NATIONAL BANK of Mason City, Appellee, ETTA L. GRIMM, Intervener, Appellee.

No. 43202.

APRIL 7, 1936.

Geiser & Donohue, for appellants.

Senneff, Bliss & Senneff, for appellees.

ALBERT, J.—Plaintiffs sought, in equity, to enjoin the First National Bank of Mason City, Iowa, from delivering a certain warranty deed, held by said bank, to Etta L. Grimm; and a temporary injunction was issued.

This deed, as deposited with the First National Bank of Mason City, grew out of certain transactions and litigation between George W. Grimm and his wife, Etta L. Grimm. Etta L. Grimm filed a petition of intervention claiming that she was entitled to the delivery of the deed. This petition of inter-

vention was replied to by the plaintiffs, who are the heirs of George W. Grimm. To the petition of the plaintiffs and their reply to the petition of intervention, a motion to dismiss was separately filed by the First National Bank and Etta L. Grimm. This motion was sustained.

We are now confronted with a motion to dismiss this appeal, on the ground, first, that the record does not show an election on the part of the plaintiffs to stand on the ruling dismissing their petition and reply; and, second, because they did not suffer judgment to go against them. It is apparent from the record that we have before us that the plaintiffs, when the ruling was entered dismissing their petition and reply to the intervener's petition on the ground that they did not state a cause of action, failed to elect to stand on their pleadings and did not suffer final judgment to go against them. We had occasion to settle the rule in this state on this proposition in the case of Hawthorne v. Andrew, 208 Iowa 1364, 1366, 227 N. W. 402, 403, in which case we said:

"It has been the repeated pronouncement of this court that an appeal will not lie from a ruling on a demurrer or motion to dismiss unless the defeated party has done one of two things, to wit: (1) elected to stand on his pleadings, or (2) suffered final judgment to be entered against him. [Citing Iowa cases.]"

Since the plaintiffs did not elect to stand upon their pleadings and since no final judgment has been entered against them, their attempted appeal is without avail, and the same is hereby dismissed.—Appeal dismissed.

DONEGAN, C. J., and ANDERSON, MITCHELL, KINTZINGER, HAMILTON, RICHARDS, and STIGER, JJ., concur.