J. B. HAYES and W. C. SWAN, Administrators, Appellants, v. ELIZABETH J. SELZER and CONRAD H. MCCLURKIN, Executors, Appellees.

No. 44863.

DECEMBER 12, 1939.

W. E. Jackson, for appellants.

J. E. Reaney and Hicklin & Hicklin, for appellees.

MILLER, J.—The original petition herein was filed on December 1, 1930, by one R. D. McCullough, as administrator with will annexed of the estate of E. L. McClurkin, deceased. The petition alleged that the defendant, Cassie A. McClurkin, widow of said deceased, had been appointed special administratrix of the estate and qualified as such. A copy of her bond, as such special administratrix, is attached to the petition and made a part thereof. The penalty of the bond is $100,000. It is further alleged that the defendant later qualified as executrix of the estate and, as such executrix, took charge, control and possession of all the assets of the estate which were at the time worth fully $100,000, in excess of the liabilities of the estate, and, without authority of court, contrary to law, and contrary to the condition of her bond, as special administratrix, continued to operate a private bank owned by the decedent at the time of his death, and to manage the estate in her own way, for over four years, when she closed the bank, said estate having become insolvent. It is further alleged that there were valid claims against the bank and estate amounting to $190,000 and, after exhausting the property of the estate, which had come into possession and control of the plaintiff, as administrator with will annexed, there would remain a balance due on said claims amounting to approximately $100,000, all of which claims arose out of the operation of the bank by the defendant. Judgment was demanded for $100,000, with interest and costs.

On April 1, 1931, an amended and substituted petition was filed containing identically the same allegations as the original petition, except that, in addition to the defendant, Cassie A. McClurkin, the sureties on her bond as special administratrix were also made parties, and judgment was demanded against all of said defendants for the sum of $100,000 with interest and costs.

On September 1, 1931, the defendants filed a motion to dismiss the action, asserting that no cause of action was pleaded

against them, or any of them. On October 4, 1935, the appellants, J. B. Hayes and W. C. Swan, were substituted as plaintiffs, having succeeded the original plaintiff as administrators of the estate of E. L. McClurkin. Thereafter, the original defendant, Cassie A. McClurkin, died and the appellees, Elizabeth J. Selzer and Conrad H. McClurkin, the duly appointed and qualified executors of her estate, were made parties-defendant. On February 2, 1938, the motion to dismiss was sustained and the plaintiffs were granted until April 4, 1938, to amend.

No appeal was taken from this ruling, but on April 4, 1938, appellants filed an amendment to petition. This amendment recited substantially all of the facts stated in the original petition, except that the bond of the special administratrix was not set out, and the basis for recovery was asserted to be that said Cassie A. McClurkin, as special administratrix, was authorized by the court only to continue the business of the private bank from the date of her appointment until her qualification as executrix, on March 13, 1923, and that, without authority of court, and contrary to the provisions of the order, she operated the bank from March 13, 1923 to December, 1926, during which time she made no report of her doings, continued in the operation of the bank without authority, carried on business as a banker without authority, paid various sums to diverse people, including members of her family, either by way of advancement from the estate or by way of loan, without authority of court, that the subsequent administrators of the estate endeavored to collect the loans or obtain funds on the advancements, but have been unable to do so, as a result of which a loss to the estate occurred, amounting to over $100,000, by virtue of the wrongful administration of the affairs of the estate. Judgment was demanded against appellees, as executors of the estate of said Cassie A. McClurkin, in the sum of $100,000, with costs. No interest was demanded, nor was any judgment demanded against the sureties on the bond of the special administratrix.

On July 6, 1938, appellees filed a demurrer, asserting that the amendment to petition sets up a new, separate and distinct cause of action, which was not included in the amended and substituted petition, and that said cause of action is barred by the statute of limitations. On December 10, 1938, the demurrer was sustained, to which appellants excepted. On March 28, 1939,

appellants appealed to this court. The only order or ruling appealed from was that of December 10, 1938, which is described in the notice of appeal as follows:

"December 10, 1938. Demurrer of substituted defendants (filed July 6, 1938) sustained; plaintiff excepts" and asserted as "an order affecting the substantial rights in the action, such order in effect terminating the action and preventing a judgment from which appeal might be taken."

Appellants' first proposition is that the ruling on the demurrer constitutes an intermediate order involving the merits or materially affecting the final decision so that an appeal can be taken therefrom to this court under the provisions of section 12823 of the Code. On this proposition, we are faced with our pronouncement in the case of Hawthorne v. Andrew, 208 Iowa 1364, 1366, 227 N. W. 402, 403, wherein we state:

"It has been the repeated pronouncement of this court that an appeal will not lie from a ruling on a demurrer or motion to dismiss unless the defeated party has done one of two things, to wit: (1) elected to stand on his pleadings, or (2) suffered final judgment to be entered against him. See Morrison v. Carroll Clinic, 204 Iowa 54; Devoe v. Dusey, 205 Iowa 1262; Hansen v. Independent Sch. Dist., 193 Iowa 417; Wilcox v. McCune, 21 Iowa 294.

"Since the plaintiffs did not elect to stand upon their pleading, and since no final judgment has been rendered against them, their attempted appeal is without avail, and the same is hereby dismissed.—Appeal dismissed."

The position taken by us in the Hawthorne case, above-quoted from, has been repeatedly re-affirmed and followed. Neese v. Furry, 209 Iowa 854, 855, 227 N. W. 510; Smith v. Des Moines & Central Iowa Ry., 211 Iowa 223, 224, 233 N. W. 57; Porterfield v. Grand Lodge, 212 Iowa 1181, 1183, 236 N. W. '381; Grimm v. First National Bank, 221 Iowa 667, 668, 266 N. W. 517. The rule has been so definitely established by such decisions that it is not now open to question. Not only does appellants' abstract show without question that appellants neither stood on the pleadings nor suffered final judgment to be entered against them, but also appellants have filed in this court a transcript of the record, certified by the clerk of the district court,

from which it likewise appears that appellants neither stood on their pleadings nor suffered judgment to be entered against them. Such being the record relied upon by appellants, we must determine that there is no merit in the proposition asserted by them and, accordingly, the appeal must be dismissed.—Appeal dismissed.

OLIVER, C. J., and SAGER, HAMILTON, STIGER, BLISS, and MITCHELL, JJ., concur.

HALE, J., takes no part.