Louis W. Cox, Appellant, v. City of Des Moines, Appellee.

No. 45908.

C. S. Missildine, for appellant.

F. T. Van Liew and Sol Glick, for appellee.

WENNERSTRUM, J.—Plaintiff's action is based upon the claimed negligence of the City of Des Moines in the maintenance of a sidewalk along a steep incline. The sidewalk in question is located in a city park and is adjacent to or leads up to the entrance of a shelter house. It was also asserted in the petition that the City was negligent in failing to place a guard rail along the sidewalk and adjacent to the slope; that the City failed to have a light placed near the sidewalk so that the conditions might have been observed; and that no warning sign was placed near the slope so that a pedestrian might be given warning of the danger. The City demurred to plaintiff's petition asserting, in the main, that the City of Des Moines was acting in a governmental capacity, through its duly constituted park board, and was not therefore liable. The court sustained the demurrer and plaintiff has appealed.

The defendant has filed a motion to dismiss the appeal to this court, claiming that it does not purport to be an appeal from any final judgment; and that it is affirmatively shown by the abstract of record filed in this court that the plaintiff-appellant did not elect to stand upon the demurrer, or to permit judgment to be entered against him in the district court.

The facts in connection with the ruling sought to be appealed from, and upon which defendant-appellee based its motion to dismiss, may be briefly summarized as follows:

Plaintiff's original petition was filed August 16, 1941.

An amendment to the petition was filed November 8, 1941. The demurrer to the original petition and amendment was filed November 12, 1941, and sustained by the district court on November 28, 1941. On December 1, 1941, plaintiff appealed "from the Order of said District Court sustaining defendant's Demurrer, which Order was entered on the 28th day of November, 1941."

It is our conclusion that the motion to dismiss should be sustained, and we so hold.

Our latest pronouncement on the question raised by the defendant-appellee is found in the case of Hayes v. Selzer, 227 Iowa 693, 696, 289 N. W. 25, 26, where, speaking through Justice Miller, we said:

"Appellants' first proposition is that the ruling on the demurrer constitutes an intermediate order involving the merits or materially affecting the final decision so that an appeal can be taken therefrom to this court under the provisions of section 12823 of the Code. On this proposition, we are faced with our pronouncement in the case of Hawthorne v. Andrew, 208 Iowa 1364, 1366, 227 N. W. 402, 403, wherein we state:

" 'It has been the repeated pronouncement of this court that an appeal will not lie from a ruling on a demurrer or motion to dismiss unless the defeated party has done one of two things, to wit: (1) elected to stand on his pleadings, or (2) suffered final judgment to be entered against him. See Morrison v. Carroll Clinic, 204 Iowa 54; Devoe v. Dusey, 205 Iowa 1262; Hansen v. Independent Sch. Dist., 193 Iowa 417; Wilcox v. McCune, 21 Iowa 294.

" 'Since the plaintiffs did not elect to stand upon their pleading, and since no final judgment has been rendered against them, their attempted appeal is without avail, and the same is hereby dismissed.—Appeal dismissed.'

"The position taken by us in the Hawthorne case, above quoted from, has been repeatedly re-affirmed and followed. Neese v. Furry, 209 Iowa 854, 855, 227 N. W. 510; Smith v. Des Moines & Central Iowa Ry., 211 Iowa 223, 224, 233 N. W. 57; Porterfield v. Grand Lodge, 212 Iowa 1181, 1183, 236 N. W. 381; Grimm v. First National Bank, 221 Iowa 667,

668, 266 N. W. 517. The rule has been so definitely established by such decisions that it is not now open to question."

It is so apparent to us that the authorities noted in the case of Hayes v. Selzer, supra, are applicable to the present case that we do not deem it necessary to make any further comment. They are controlling.

Our disposition of the motion to dismiss does not necessitate our ruling on the matters argued in connection with the sustaining of the demurrer by the district court.—Appeal dismissed.

BLISS, C. J., and MILLER, SAGER, GARFIELD, OLIVER, HALE, and MITCHELL, JJ., concur.