ORVILLE JENSEN, Appellant, v. FRED W. NOLTE et al., Appellees.

No. 45877.

APRIL 7, 1942.

R. Eldon Laird, for appellant.

Sweet & Sager, for appellees.

WENNERSTRUM, J.—The appeal in this case has developed by reason of an action at law brought by a lessee who claims to be entitled to the possession of certain real estate, and against

the lessor and a second lessee in possession under a written lease, and for damages. Judgment is also asked, in the alternative, for the reasonable rental value of the property for the period covered by appellant's lease. The appellee, the subsequent lessee in possession, demurred to appellant's petition, which demurrer was sustained. Exceptions were noted by the court to its ruling. The plaintiff has appealed.

The record does not disclose any election on the part of the appellant to stand on his petition or to suffer final judgment to be entered against him. The question, therefore, that must be decided by us is as to whether or not we have any jurisdiction to pass upon this appeal. If a motion to dismiss had been filed by the appellee in this court it would have been obligatory on us to dismiss the appeal because of the fact that no final judgment had been entered against the appellant and he did not elect to stand upon his petition. Under such a situation an attempted appeal is without avail. Hayes v. Selzer, 227 Iowa 693, 696, 289 N. W. 25; Hawthorne v. Andrew, 208 Iowa 1364, 1366, 227 N. W. 402, 403; and cases therein cited; Cox v. City of Des Moines, 231 Iowa 880, 2 N. W. 2d 261. See also Code, 1939, section 12823, paragraph 3; Cowen v. Boone, 48 Iowa 350; Bradley v. Miller, 100 Iowa 169, 69 N. W. 426; Home Sav. Bk. v. Kelley, 205 Iowa 514, 218 N. W. 288; Devoe v. Dusey, 205 Iowa 1262, 217 N. W. 625; Porterfield v. Grand Lodge, 212 Iowa 1181, 236 N. W. 381. For a discussion of a similar question, see In re Estate of Robinson, 231 Iowa 1099, 3 N. W. 2d 158.

Appellee has not submitted a motion to dismiss, but inasmuch as the question is jurisdictional, we hold that this court, on its own motion, can and should enter an order of dismissal of this appeal because there has been no judgment or order from which an appeal could be taken. In Green v. Ronen, 59 Iowa 83, 84, 12 N. W. 765, 766, we said:

"We can entertain an appeal only when a judgment has been rendered from which an appeal may be taken, and the judgment must be affirmatively shown. And we will dismiss the case, even though the parties fail to present the objection to us, for being jurisdictional in its nature the parties cannot waive

it by silence or by consent. This court cannot try a case wherein no judgment has been entered in the court below. These points were ruled by this court in Pittman v. Pittman et al., 56 Iowa 769.''

A statement to the same effect is found in the case of City Council v. National L. & Inv. Co., 122 Iowa 629, 634, 98 N. W. 488, 490, where this court said:

''As in the case of an appeal to this court, we can proceed only when it appears as an affirmative fact, established by matter of record, that a judgment has been rendered from which an appeal may be taken. And consent of parties—much less, mere silence on the part of appellee—cannot be accepted as sufficient to take the place of a record showing the essential fact of jurisdiction. Green v. Ronen, 59 Iowa, 83; Groves v. Richmond, 58 Iowa, 54.''

A further authority for the dismissal of this appeal on the court's own motion is the case of Smith v. Des Moines & Central Iowa R. R., 211 Iowa 223, 224, 233 N. W. 57, where this court said:

''Upon the record before us, the order appealed from appears to have been purely interlocutory. The defendant made no election whether it would amend its pleading or stand upon it. Nor was judgment entered against it. So far as appears, the case is still pending in the trial court. Upon the record thus disclosed, the order was not appealable. That is to say, a review of such ruling can be had only upon an appeal from the final judgment. Hansen v. Independent Sch. Dist., 193 Iowa 417; Devoe v. Duscy, 205 Iowa 1262.''

By reason of the state of the record in this case, we hold that this court is without jurisdiction to entertain the appeal presented and the appeal must be, and it is, hereby dismissed.—Appeal dismissed.

BLISS, C. J., and HALE, GARFIELD, OLIVER, MITCHELL, and MILLER, JJ., concur.

SAGER, J., takes no part.