In re Estate of Mary Alice Robinson.

F. L. Meeker, Appellee, v. Perry A. Moore, Administrator, et al., Appellants.

No. 45826.

April 7, 1942.

Henry Curvo, Uhlenhopp & Uhlenhopp, and Stipp, Perry, Bannister & Starzinger, for appellants.

C. H. Van Law, for appellee.

GARFIELD, J.—F. L. Meeker filed an application in the district court for allowance of compensation as attorney for the administrator with will annexed of Mary Alice Robinson, deceased. To this application the administrator and three legatees filed written resistance denying the application and alleging that appellant had already taken from the estate $1,034.65, which was $714.65 more than the maximum fee provided by law for an estate such as this with assets not exceeding $10,000. The administrator and legatees also filed a counterclaim in which, as amended, they alleged that Perry A. Moore, administrator, lived about 100 miles from Marshall county, where the estate was being administered; that after his appointment as administrator, Moore employed the applicant as his attorney and had both an oral and written agreement with him, confirmed by order of court, that there was to be joint control of all estate funds and that no checks were to be issued without the administrator's signature; that all reports were to be signed by the administrator, and that no moneys were to be paid out without the knowledge, consent, and signature of the administrator; that, disregarding this agreement and without the knowledge or consent of the administrator or other interested parties, said applicant wrote checks to himself, which he cashed, and made reports to the court and obtained ex parte orders of court allowing attorney fees to himself; that the sums so unlawfully paid to himself total $1,034.65.

It was further alleged in the counterclaim that the services performed by the applicant consisted of the ordinary services commonly performed by attorneys for an estate; that no extraordinary services were performed; that the total value of the estate did not exceed $10,000 and the maximum statutory attorney fee was therefore $320; that in procuring the ex parte orders the applicant perpetrated a fraud upon the court and upon the administrator and others interested in the estate. The prayer of the amended counterclaim was that the application for addi-

tional attorney fees be denied; that the ex parte orders allowing compensation be set aside; that upon full hearing the applicant be compelled to account for all sums in excess of the maximum statutory attorney fees for ordinary services, and that a personal judgment be rendered against applicant for such excess.

The applicant demurred to the amended counterclaim for the reasons: (1) That each item of fees had been allowed by order of court; and (2) that such orders constitute adjudications between the parties, which have not been vacated nor set aside nor reversed on appeal, and they are not subject to collateral attack. The trial court sustained the demurrer. Thereupon the administrator and legatees filed their written exceptions and unqualified election to stand upon their amended counterclaim and announced their refusal to plead further. They then appealed to this court.

▄ I. Appellants, having excepted to the ruling and elected to stand on their pleadings, could appeal from the sustaining of the demurrer, without the entry of final judgment against them. Section 12823, paragraph 3, Code, 1939; Home Sav. Bk. v. Kelley, 205 Iowa 514, 521, 218 N. W. 288; Devoe v. Dusey, 205 Iowa 1262, 217 N. W. 625; Bradley v. Miller, 100 Iowa 169, 173, 69 N. W. 426; Cowen v. Boone, 48 Iowa 350, 352. Appellee does not challenge this proposition. Where, however, there is neither election to stand nor the entry of final judgment, no appeal will lie from the ruling on a demurrer. See Jensen v. Nolte, 231 Iowa 1103, 3 N. W. 2d 140.

▄ II. Neither ground of the demurrer was good and the trial court should have overruled it. The statute provides that mistakes in settlements may be corrected in the probate court at any time before final settlement. Code section 12049. This court has repeatedly held that ex parte allowances of compensation to an administrator or his attorney do not amount to an adjudication but are merely prima facie correct and are subject to review. In re Estate of Metcalf, 227 Iowa 985, 289 N. W. 739; In re Estate of Schropfer, 225 Iowa 576, 281 N. W. 139; In re Estate of Sawyer, 124 Iowa 485, 100 N. W. 484. See also In re Estate of Durey, 215 Iowa 257, 266, 245 N. W. 236; and Des Moines Sav. Bk. v. Krell, 176 Iowa 437, 444, 156 N. W. 858. The present case is stronger than at least some of those

cited, because of the allegations of the counterclaim, admitted by the demurrer, that the orders were procured not only without notice but also in violation of appellee's agreement. Appellants are entitled to a review of the previous orders.

III. The demurrer alleges that the prior orders are not subject to collateral attack. This may be conceded. The attack here made is not collateral, but direct, by a pleading filed in the same probate proceeding in which the orders were entered. In re Estate of Douglas, 140 Iowa 603, 605, 117 N. W. 982; Estate of Rabbett v. Connolly, 153 Iowa 607, 617, 133 N. W. 1060. And see cases cited last above. Haradon v. Boardman & Cartwright, 229 Iowa 540, 294 N. W. 770, relied on by appellee, involved a collateral attack in an equity proceeding upon certain probate orders claimed to have been without jurisdiction and void.

IV. Although appellants' pleading was designated a counterclaim, it was, in effect, a petition or application in probate for a review of the previous ex parte allowances to appellee. Appellants, as before stated, are clearly entitled to such review. The fact that the pleading was called a counterclaim rather than an application in probate is not of vital importance. The character of a pleading is to be determined largely by its allegations and not solely from the name given it by the pleader. 49 C. J. 315, section 386; Geil v. Smith, 190 Iowa 34, 37, 179 N. W. 943; Stewart v. Gorham, 122 Iowa 669, 98 N. W. 512; Hollenbeck v. Ristine, 105 Iowa 488, 491, 75 N. W. 355, 67 Am. St. Rep. 306.

V. The amended counterclaim prays not only for a review of the prior orders but also for a personal judgment against appellee for the sums withdrawn by him in excess of the maximum attorney fee prescribed by statute for ordinary services. Appellants concede there is some doubt as to their right to such a personal judgment in this proceeding. We do not determine whether appellants are entitled to a personal judgment in this matter. However, an entire pleading is not demurrable simply because the pleader may not be entitled to part of the relief sought. 49 C. J. 429, 431, section 541; State ex rel. Weede v. Iowa Southern Util. Co., 231 Iowa 784, 799, 2 N. W.

2d 372, 382; Bixby v. City of Sioux City, 184 Iowa 89, 97, 164 N. W. 641.

VI. We have carefully considered all contentions raised in argument but deem it unnecessary to extend this opinion further. We express no opinion upon the ultimate rights of the parties. What we hold is that the trial court was in error in sustaining appellee's demurrer and the cause is therefore reversed.—Reversed.

All JUSTICES concur.